# EXHIBIT ONE

## U S B C - Southern District of New York
## Case No. 05-17930
### September 14, 2005 Voluntary Petition

(Official Form 1) (12/03)

| FORM B1 | **United States Bankruptcy Court**<br>**Southern District of New York** | **Voluntary Petition** |
|---|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Northwest Airlines Corporation | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. No./Complete EIN or other Tax<br>I.D. No. (if more than one, state all): 41-1905580 | Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D.<br>No. (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>2700 Lone Oak Parkway<br>Eagan, MN 55121 | Street Address of Joint Debtor (No. & Street, City, State & Zip Code): |
| County of Residence or of the<br>Principal Place of Business: Dakota County, MN | County of Residence or of the<br>Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>5101 Northwest Drive<br>St. Paul, MN 55111-3034 | Mailing Address of Joint Debtor (if different from street address): |

Location of Principal Assets of Business Debtor
(if different from street address above):
The Debtor, together with its affiliated Debtors, operates the 4th largest airline company in the world.  The Debtors collectively have assets located throughout the United States and various other countries.

## Information Regarding the Debtor (Check the Applicable Boxes)

**Venue** (check any applicable box)
- ☐ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
- ☒ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| **Type of Debtor** (Check all boxes that apply) | | **Chapter or Section of Bankruptcy Code Under Which<br>the Petition is Filed** (Check one box) | | |
|---|---|---|---|---|
| ☐ Individual(s) | ☐ Railroad | ☐ Chapter 7 | ☒ Chapter 11 | ☐ Chapter 13 |
| ☒ Corporation | ☐ Stockbroker | ☐ Chapter 9 | ☐ Chapter 12 | |
| ☐ Partnership | ☐ Commodity Broker | ☐ Sec. 304 – Case ancillary to foreign proceeding | | |
| ☐ Other | ☐ Clearing Bank | | | |

| **Nature of Debts** (Check one box) | | **Filing Fee** (Check one box) |
|---|---|---|
| ☐ Consumer/Non-Business | ☒ Business | ☒ Full Filing Fee attached |
| **Chapter 11 Small Business** (Check all boxes that apply) | | ☐ Filing Fee to be paid in installments (Applicable to individuals only)<br>Must attach signed application for the court's consideration certifying<br>that the debtor is unable to pay fee except in installments.<br>Rule 1006(b).  See Official Form No. 3. |
| ☐ Debtor is a small business as defined in 11 U.S.C. § 101 | | |
| ☐ Debtor is and elects to be considered a small business under<br>11 U.S.C. § 1121(e)(Optional) | | |

| Statistical/Administrative Information (Estimates only) | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

☒ Debtor estimates that funds will be available for distribution to unsecured creditors.

☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

| Estimated Number of Creditors<br>(Consolidated numbers including<br>all affiliates) | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Assets (Consolidated numbers including all affiliates) | | | | | | | |
|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |

| Estimated Debts (Consolidated numbers including all affiliates) | | | | | | | |
|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |

(Official Form 1) (12/03)                                                                                                                    FORM B1, Page 2

| Voluntary Petition<br>(This page must be completed and filed in every case) | Name of Debtor(s): Northwest Airlines Corporation |
|---|---|

**Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheet)**

| Location<br>Where Filed: Not Applicable | Case Number: | Date Filed: |
|---|---|---|

**Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)**

| Name of Debtor: See Attached Schedule 1 | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

### Signature of Attorney

X _/s/ Bruce R. Zirinsky_____
Signature of Attorney for Debtor(s)

Bruce R. Zirinsky_____
Printed Name of Attorney for Debtor(s)

Cadwalader, Wickersham & Taft LLP_____
Firm Name

One World Financial Center_____
Address

New York, New York  10281_____

(212) 504-6000_____
Telephone Number

September 14, 2005_____
Date

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _/s/ Barry P. Simon_____
Signature of Authorized Individual

Barry P. Simon_____
Printed Name of Authorized Individual

Executive Vice President and General Counsel_____
Title of Authorized Individual

September 14, 2005_____
Date

### Exhibit A

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

☒ Exhibit A is attached and made a part of this petition.

### Exhibit B

(To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X _____
Signature of Attorney for Debtor(s)                    Date

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No

### Signature or Non-Attorney Petition Preparer

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____
Printed Name of Bankruptcy Petition Preparer

_____
Social Security Number (Required by 11 U.S.C. § 110(c).)

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X _____
Signature of Bankruptcy Petition Preparer

_____
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.

SCHEDULE 1

Including the debtor in this chapter 11 case, the following affiliated debtors simultaneously have filed voluntary chapter 11 petitions in this Court. Contemporaneously with the filing of these petitions, such entities filed a motion requesting that their chapter 11 cases be consolidated for procedural purposes only and jointly administered.

NWA Fuel Services Corporation
Northwest Airlines Corporation
Northwest Airlines Holdings Corporation
NWA Inc.
Northwest Airlines, Inc.
Northwest Aerospace Training Corp.
MLT Inc.
Northwest Airlines Cargo, Inc.
NWA Retail Sales Inc.
Montana Enterprises, Inc.
NW Red Baron LLC
Aircraft Foreign Sales, Inc.
NWA Worldclub, Inc.

# EXHIBIT TWO
## U S B C - Southern District of New York
### Case No. 05-17930
### May 19, 2005 Order Fixing Bar Date for Filing Proofs

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

In re:

NORTHWEST AIRLINES CORPORATION,
NWA FUEL SERVICES CORPORATION,
NORTHWEST AIRLINES HOLDINGS CORPORATION,
NWA INC.,
NORTHWEST AEROSPACE TRAINING CORP.,
NORTHWEST AIRLINES, INC.,
NWA AIRCRAFT FINANCE, INC.,
MLT INC.,
COMPASS AIRLINES, INC. F/K/A NORTHWEST AIRLINES
CARGO, INC.,
NWA RETAIL SALES INC.,
MONTANA ENTERPRISES, INC.,
NW RED BARON LLC, AND
NWA WORLDCLUB, INC.,

                              Debtors.

------------------------------------------------------------------

Chapter 11

Case No. 05-17930 (ALG)

Jointly Administered

## ORDER FIXING BAR DATE FOR FILING PROOFS OF CLAIM, APPROVING PROPOSED PROOF OF CLAIM FORM, APPROVING PROPOSED BAR DATE NOTICE AND APPROVING PROPOSED NOTICE AND PUBLICATION PROCEDURES

Upon consideration of the motion for entry of an order authorizing Northwest

Airlines Corporation ("NWA Corp."), and certain of its direct and indirect subsidiaries, as

debtors and debtors in possession (collectively, the "Debtors"), for an order pursuant to Rules

2002(a)(7), 3002(c)(1), 3003(c)(3) and 5005(a) of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), fixing a bar date for filing proofs of claim, approving the proposed

proof of claim form, approving the proposed bar date notice, and approving the proposed notice

and publication procedures, all as more fully set forth in the motion (the "Bar Date Motion");

and it appearing that the Court has jurisdiction over this matter, and it appearing that (i)

establishment of a date by which creditors must assert claims against the Debtors or be forever barred from voting on any chapter 11 plan or participating in any distributions from the Debtors' estates in accordance with the authority granted to this Court by title 11 of the United States Code (as amended from time to time, the "Bankruptcy Code") and the Bankruptcy Rules, is necessary for the prompt and efficient administration of these chapter 11 cases and to protect the interests of the Debtors, their creditors and other parties in interest herein, and (ii) notification of the relief granted by this Order in the manner proposed by the Debtors, as set forth herein, is fair and reasonable and will provide good, sufficient and proper notice to all creditors of their rights and obligations in connection with claims they may have against the Debtors in these chapter 11 cases; and it appearing that due notice of the Bar Date Motion having been provided to the parties entitled to notice of the Bar Date Motion pursuant to that certain Order Establishing Notice Procedures, dated September 15, 2005; and it appearing that no other or further notice need be provided; and upon all matters heretofore before the Court; and upon the Motion, the papers filed in support thereof, and the responses thereto; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and all parties in interest; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that pursuant to Bankruptcy Rule 3003(c)(3), and except as otherwise provided herein, each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental unit) that asserts a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose on or prior to September 14, 2005 (the "Petition Date"), shall file an original, written proof of such claim which substantially conforms to Exhibit A attached to the Motion (the "Proof of Claim"), which form is hereby approved, or Official Form No. 10, so as to be received on or before **August 16, 2006 at 5:00 p.m.** prevailing Eastern Time (the "Bar Date") at the appropriate destination either

by mailing such original proof of claim to: United States Bankruptcy Court, Southern District of New York, Attn: Northwest Airlines Claims Processing, Bowling Green Station, P.O. Box 5005, New York, New York 10274-5005, or delivered by messenger or overnight courier to: Office of the Clerk for the United States Bankruptcy Court, Southern District of New York, Re: Northwest Airlines Claims Processing, One Bowling Green, New York, New York 10004-1408 (together, the "Northwest Claims Docketing Center"); and it is further

ORDERED that proofs of claim will be deemed timely filed only if **actually received** by the Northwest Claims Docketing Center on or before the Bar Date; and it is further

ORDERED that the Northwest Claims Docketing Center shall **not** accept proofs of claim sent by facsimile or telecopy; and it is further

ORDERED that the following persons or entities are **not** required to file a proof of claim on or before the Bar Date:

i. any person or entity that has already properly filed, with the Clerk of the United States Bankruptcy Court for the Southern District of New York, a proof of claim against the Debtors utilizing a claim form which substantially conforms to the Proof of Claim or Official Form No. 10;

ii. any person or entity (i) whose claim is listed on the Schedules, (ii) whose claim is not described as "disputed," "contingent," or "unliquidated," ~~and~~ (iii) who does not dispute the amount, ~~or~~ nature **and priority** of the claim for such person or entity as set forth in the Schedules **and (iv) who does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;**

iii. any person or entity whose claim has already been paid by the Debtors;

iv. any current director, officer or employee of the Debtors, to the extent that such person's claim against the Debtors is for indemnification, contribution, subrogation or reimbursement;

v. any Debtor in these cases having a claim against another Debtor;

vi. any direct or indirect non-debtor subsidiary of a Debtor having a claim against a Debtor;

vii. any professionals whose retentions in these chapter 11 cases have been approved by the Court;

viii. any person or entity that holds a claim that has been allowed by an order of this Court entered on or before the Bar Date; and it is further; and

ix. any present or former employee of one of the Debtors whose employment is subject to the terms of a collective bargaining agreement (and, with respect to benefit claims, any spouse or beneficiary thereof) and labor unions representing such employees solely with respect to any Claim based on the payment of wages, salaries, and benefits ~~authorized to be~~ **that were** paid by order of the Court under the first day wage and benefit order approved by the Court on September 15, 2005, unless the Debtors have provided written notice to an employee and their relevant union that it does not intend to ~~exercise authority to~~ pay such Claim, in which case the employee shall have until the later of (i) the Bar Date or (ii) 30 days from the date of written notice, to file a Proof of Claim. Nothing in this provision shall limit or preclude the Debtors from contesting an employee's claim to wages or benefits under the applicable collective bargaining agreement in grievance proceedings or before the applicable System Board of Adjustment. Notwithstanding the foregoing, either employees (present or former) or their labor unions must file claims relating to grievances prior to the Bar Date to the extent the grounds for such grievances arose on or prior to September 14, 2005, provided however that labor unions may file a claim itemizing such grievances on behalf of their respective members.

and it is further

ORDERED that the deadline for asserting claims by a co-debtor, surety, or guarantor under section 501(b) of the Bankruptcy Code and Bankruptcy Rule 3005 is September 15, 2006; and it is further

ORDERED that the last day for any entity asserting a claim by reason of the rejection of an executory contract or unexpired lease is the <u>later</u> of (i) the Bar Date, or (ii) the

first business day that is at least thirty (30) calendar days after the entry of any order approving

the rejection of the executory contract; and it is further

ORDERED that the last day for any entity asserting a claim arising from the

recovery of a voidable transfer to file a claim against the Debtors is the later of (i) the Bar Date,

or (ii) the first business day that is at least thirty (30) calendar days after the entry of any order or

judgment approving the avoidance of the transfer; and it is further

ORDERED that the last day for any entity asserting a claim arising from the

assessment of certain taxes described in section 502(i) of the Bankruptcy Code to file a claim

against the Debtors is the later of (i) the Bar Date, or (ii) the first business day that is at least

thirty (30) calendar days after the date the relevant tax claims arise; and it is further

ORDERED that the last day for the filing proofs of claim by "governmental

units" (as defined in section 101(27) of the Bankruptcy Code) is August 16, 2006 at 5:00 p.m.

prevailing Eastern Time; and it is further

ORDERED that if an amendment to the Debtors' Schedules (i) reduces the

liquidated amount of a scheduled claim, (ii) reclassifies a scheduled, undisputed, liquidated, non-

contingent claim as disputed, unliquidated, or contingent, (iii) reduces the priority of a scheduled

claim, or (iv) changes the Debtor against whom such amount was scheduled, and the affected

claimant does not agree with such amendment, the affected claimant who has not already filed a

proof of claim in advance of the Bar Date relating to such scheduled claim must file a proof of

claim on the later of (i) the first business day that is at least thirty (30) calendar days after the

mailing of the notice of such amendment, or (ii) such other time as may be established by order

of the Court in connection with a motion to amend the Debtors' Schedules, but in each instance,

only to the extent such proof of claim does not exceed the amount scheduled for such claim

before the amendment; and that creditors are not entitled to an extension of the Bar Date if a

schedule amendment increases the scheduled amount of an undisputed, liquidated, non-contingent claim; and it is further

ORDERED that neither the Bar Date nor any other deadline established by this Order applies to requests for the payment of administrative expenses arising in these cases under sections 503, 507(a)(1), 330(a), 331, and/or 364 of the Bankruptcy Code; and it is further

ORDERED that holders of equity securities of the Debtors need not file a proof of interest, provided however that any equity security holder asserting any rights as a creditor of any of the Debtors' estates, including a claim arising from rescission of a purchase or sale of a security of a Debtor or an affiliate of a Debtor or for damages arising from the purchase or sale of such a security, shall be required to file a proof of claim against the Debtors' estates on or before the Bar Date; and it is further

ORDERED that where there is an indenture trustee under an applicable indenture agreement, entities whose claims are limited exclusively to claims of principal and interest under the bonds of any of the Debtors need not file a proof of claim; provided that the applicable indenture trustee under the applicable indenture agreement shall be required to file a proof of claim, and provided further that to the extent that an indenture trustee or a bondholder asserts a claim arising out of or related to a debt instrument, other than a claim for repayment of principal and interest under such bonds, such party shall be required to file a proof of claim on or before the Bar Date; and it is further

ORDERED that where there exists one or more agents ("Agents") under a loan or credit agreement in respect of which any Debtor is a borrower, guarantor or otherwise contractually liable, entities holding claims in respect of principal, interest, fees, expenses and other amounts owing under or in respect of such loan or credit agreement (collectively, "Credit Agreement Claims") need not file a proof of claim with respect to such Credit Agreement

Claims; provided, that such administrative Agent (or, if there is no administrative Agent, an Agent designated for such purpose) shall be required to file a proof of claim in respect of all such Credit Agreement Claims.  To the extent that any holder of a Credit Agreement Claim asserts against a Debtor a claim other than a Credit Agreement Claim, such holder shall be required to file a proof of claim on or before the Bar Date in respect of such other claim.  Any Agent may, with respect to the proof or proofs of claim filed by it in accordance with the foregoing, (i) omit the attachment of copies of any prepetition loan-related documents (but shall promptly provide the same to counsel to the Debtors if requested to do so by such counsel) and (ii) file a single proof of claim covering the claims being asserted against all of the Debtors that such Agent asserts are liable thereon (rather than a separate proof of claim against each such Debtor), provided that such single proof of claim clearly identifies each such Debtor.  For the avoidance of doubt, this paragraph shall apply to the claims of the agents and lenders under the Second Amended and Restated Credit and Guarantee Agreement, dated April 15, 2005, among NWA Corp., certain other of the Debtors, JPMorgan Chase Bank, N.A., as Administrative Agent, and the other financial institutions party thereto as agents and lenders; and it is further

ORDERED that, notwithstanding anything in this Order, the Bar Date Notice, the Bar Date Motion, the Bankruptcy Code or the Bankruptcy Rules to the contrary, for administrative convenience purposes, the filing of any proof of claim by the Pension Benefit Guaranty Corporation ("PBGC") on its own behalf or on behalf of any one or more defined benefit pension plans of any of the Debtors against any of the Debtors shall, except to the extent such proof of claim expressly provides to the contrary, be deemed to be the filing of such proof of claim against each and all of the Debtors in these jointly administered cases; provided, however, except as expressly set forth herein, nothing herein shall affect substantive rights of the Debtors, PBGC, or any statutory committee appointed in these cases or any other party in

interest with respect to the allowance, amount, priority, or treatment of any such claim, including the Debtors' right to object to any such proof of claim on any ground, and it is further

ORDERED that each proof of claim to be properly filed pursuant to this Order shall (i) be written in the English language, (ii) be denominated in lawful currency of the United States as of the Petition Date; (iii) conform substantially with the Proof of Claim or Official Form No. 10; (iv) be executed by the individual to whom service of any papers relating to such claim shall be directed; (v) specify by name and case number the Debtor against which the claim is filed; if the holder asserts a claim against more than one Debtor or has claims against different Debtors, a separate proof of claim form must be filed with respect to each Debtor; and (vii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; it is further

ORDERED that any holder of a claim against the Debtors who is required, but fails, to file a proof of claim for such claim in accordance with this Order on or before the Bar Date shall be forever barred, estopped and enjoined from asserting such claim against the Debtors (or filing a proof of claim with respect thereto) and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such claim, and such holder shall not be permitted to vote on any chapter 11 plan or participate in any distribution in the Debtors' chapter 11 cases on account of such claim or to receive further notices regarding such claim; and it is further

ORDERED that notice of the entry of this Order and of the Bar Date in a form substantially similar to the notice attached to the Motion as Exhibit B hereto (the "Bar Date Notice"), which Notice is hereby approved in all respects, shall be deemed good, adequate and sufficient notice if it is served by being deposited in the United States mail, first class postage prepaid, on or before June 2, 2006 upon:

a.      the Office of the United States Trustee for the Southern District of New York;

b.      each member of the statutory creditors' committees appointed in these cases and their attorneys;

c.      all known holders of claims and counterparties to executory contracts listed on the Debtors' Schedules at the addresses stated therein;

d.      the District Director of Internal Revenue for the Southern District of New York;

e.      all state and local taxing authorities for the jurisdictions in which the Debtors conduct business;

f.      the Securities and Exchange Commission; and

g.      all persons and entities listed on the Debtors' Master Service List (as defined in this Court's Order establishing notice procedures and a master service list, dated September 15, 2005) as of the date of the entry of the order approving this Motion;

and it is further

ORDERED that pursuant to Bankruptcy Rule 2002(l), the Debtors shall publish the Bar Date Notice as modified for publication as may be necessary (the "Publication Notice") in the publications listed on Exhibit C to the Motion on at least one occasion (i) with respect to domestic publications, on or prior to June 30, 2006; and (ii) with respect to foreign publications, at least twenty-five (25) days prior to the Bar Date, which publications are hereby approved; and it is further

ORDERED that the Debtors be, and they hereby are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

ORDERED that notification of the relief granted by this Order as provided herein and in the Bar Date Motion is fair and reasonable and will provide good, sufficient and proper notice to all creditors of their rights and obligations in connection with claims they may have against the Debtors in these chapter 11 cases; and it is further

ORDERED that entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing the date by which a holder of a claim **not** subject to the Bar Date established herein must file such claim against the Debtors or be forever barred from voting upon any chapter 11 plan for such Debtors, receiving any payment or distribution of property from any Debtors or their successors or assigns with respect of such claim, and asserting such claim against any Debtor, and it is further

~~ORDERED that notwithstanding the fact that the Debtors have scheduled a claim as liquidated and undisputed, the Debtors are not precluded from objecting to any claim, whether scheduled or not; and it is further~~

ORDERED that nothing in this Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offset or defense to any claim; and it is further

ORDERED that the requirement under Local Bankruptcy Rule 9013-1(b) for the filing of a Memorandum of Law with respect to the Motion is hereby waived.

New York, New York
May 19, 2006


_____ /s/ Allan L. Gropper _____
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————————x

In re:                                                     :        **Chapter 11**

                                                          :        **Case No. 05-17930 (ALG)**

**NORTHWEST AIRLINES CORPORATION,**       :        **Jointly Administered**
**NWA FUEL SERVICES CORPORATION,**
**NORTHWEST AIRLINES HOLDINGS CORPORATION,**  :
**NWA INC.,**
**NORTHWEST AEROSPACE TRAINING CORP.,**    :
**NORTHWEST AIRLINES, INC.,**
**NWA AIRCRAFT FINANCE, INC.,**            :
**MLT INC.,**
**COMPASS AIRLINES, INC. F/K/A NORTHWEST AIRLINES**  :
**CARGO, INC.,**
**NWA RETAIL SALES INC.,**                 :
**MONTANA ENTERPRISES, INC.,**
**NW RED BARON LLC, AND**                  :
**NWA WORLDCLUB, INC.,**

                                    **Debtors.**        :

—————————————————————————

### AMENDED ORDER FIXING BAR DATE FOR FILING PROOFS OF CLAIM, APPROVING PROPOSED PROOF OF CLAIM FORM, APPROVING PROPOSED BAR DATE NOTICE AND APPROVING PROPOSED NOTICE AND PUBLICATION PROCEDURES

Upon consideration of the motion for entry of an order authorizing Northwest

Airlines Corporation ("NWA Corp."), and certain of its direct and indirect subsidiaries, as

debtors and debtors in possession (collectively, the "Debtors"), for an order pursuant to Rules

2002(a)(7), 3002(c)(1), 3003(c)(3) and 5005(a) of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), fixing a bar date for filing proofs of claim, approving the proposed

proof of claim form, approving the proposed bar date notice, and approving the proposed notice

and publication procedures, all as more fully set forth in the motion (the "Bar Date Motion");

and it appearing that the Court has jurisdiction over this matter, and it appearing that (i)

1

establishment of a date by which creditors must assert claims against the Debtors or be forever

barred from voting on any chapter 11 plan or participating in any distributions from the Debtors'

estates in accordance with the authority granted to this Court by title 11 of the United States

Code (as amended from time to time, the "Bankruptcy Code") and the Bankruptcy Rules, is

necessary for the prompt and efficient administration of these chapter 11 cases and to protect the

interests of the Debtors, their creditors and other parties in interest herein, and (ii) notification of

the relief granted by this Order in the manner proposed by the Debtors, as set forth herein, is fair

and reasonable and will provide good, sufficient and proper notice to all creditors of their rights

and obligations in connection with claims they may have against the Debtors in these chapter 11

cases; and it appearing that due notice of the Bar Date Motion having been provided to the

parties entitled to notice of the Bar Date Motion pursuant to that certain Order Establishing

Notice Procedures, dated September 15, 2005; and it appearing that no other or further notice

need be provided; and upon all matters heretofore before the Court; and upon the Motion, the

papers filed in support thereof, and the responses thereto; and the Court having determined that

the relief sought in the Motion is in the best interests of the Debtors, their estates and all parties

in interest; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that pursuant to Bankruptcy Rule 3003(c)(3), and except as otherwise

provided herein, each person or entity (including, without limitation, each individual,

partnership, joint venture, corporation, estate, trust and governmental unit) that asserts a claim

(as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose on or prior

to September 14, 2005 (the "Petition Date"), shall file an original, written proof of such claim

which substantially conforms to Exhibit A attached to the Motion (the "Proof of Claim"), which

form is hereby approved, or Official Form No. 10, so as to be received on or before **August 16,**

**2006 at 5:00 p.m.** prevailing Eastern Time (the "Bar Date") at the appropriate destination either

by mailing such original proof of claim to: United States Bankruptcy Court, Southern District of New York, Attn: Northwest Airlines Claims Processing, Bowling Green Station, P.O. Box 5005, New York, New York 10274-5005, or delivered by messenger or overnight courier to: Office of the Clerk for the United States Bankruptcy Court, Southern District of New York, Re: Northwest Airlines Claims Processing, One Bowling Green, New York, New York 10004 (together, the "Northwest Claims Docketing Center"); and it is further

ORDERED that proofs of claim will be deemed timely filed only if **actually received** by the Northwest Claims Docketing Center on or before the Bar Date; and it is further

ORDERED that the Northwest Claims Docketing Center shall **not** accept proofs of claim sent by facsimile or telecopy; and it is further

ORDERED that the following persons or entities are **not** required to file a proof of claim on or before the Bar Date:

    i.    any person or entity that has already properly filed, with the Clerk of the United States Bankruptcy Court for the Southern District of New York, a proof of claim against the Debtors utilizing a claim form which substantially conforms to the Proof of Claim or Official Form No. 10;

    ii.    any person or entity (i) whose claim is listed on the Schedules, (ii) whose claim is not described as "disputed," "contingent," or "unliquidated," ~~and~~ (iii) who does not dispute the amount ~~or~~, nature and priority of the claim for such person or entity as set forth in the Schedules and (iv) who does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;

    iii.    any person or entity whose claim has already been paid by the Debtors;

    iv.    any current director, officer or employee of the Debtors, to the extent that such person's claim against the Debtors is for indemnification, contribution, subrogation or reimbursement;

    v.    any Debtor in these cases having a claim against another Debtor;

NYLIB5 901784.1

vi.    any direct or indirect non-debtor subsidiary of a Debtor having a claim against a Debtor;

vii.    any professionals whose retentions in these chapter 11 cases have been approved by the Court;

viii.    any person or entity that holds a claim that has been allowed by an order of this Court entered on or before the Bar Date; and it is further; and

ix.    any present or former employee of one of the Debtors whose employment is subject to the terms of a collective bargaining agreement (and, with respect to benefit claims, any spouse or beneficiary thereof) and labor unions representing such employees solely with respect to any Claim based on the payment of wages, salaries, and benefits authorized to be paid by order of the Court under the first day wage and benefit order approved by the Court on September 15, 2005, unless the Debtors have provided written notice to an employee and their relevant union that it does not intend ~~to exercise authority~~ to pay such Claim, in which case the employee shall have until the later of (i) the Bar Date or (ii) 30 days from the date of written notice, to file a Proof of Claim. Nothing in this provision shall limit or preclude the Debtors from contesting an employee's claim to wages or benefits under the applicable collective bargaining agreement in grievance proceedings or before the applicable System Board of Adjustment. Notwithstanding the foregoing, either employees (present or former) or their labor unions must file claims relating to grievances prior to the Bar Date to the extent the grounds for such grievances arose on or prior to September 14, 2005, provided however that labor unions may file a claim itemizing such grievances on behalf of their respective members.

and it is further

ORDERED that the deadline for asserting claims by a co-debtor, surety, or guarantor under section 501(b) of the Bankruptcy Code and Bankruptcy Rule 3005 is September 15, 2006; and it is further

ORDERED that the last day for any entity asserting a claim by reason of the rejection of an executory contract or unexpired lease is the later of (i) the Bar Date, or (ii) the

4

first business day that is at least thirty (30) calendar days after the entry of any order approving

the rejection of the executory contract; and it is further

ORDERED that the last day for any entity asserting a claim arising from the

recovery of a voidable transfer to file a claim against the Debtors is the <u>later</u> of (i) the Bar Date,

or (ii) the first business day that is at least thirty (30) calendar days after the entry of any order or

judgment approving the avoidance of the transfer; and it is further

ORDERED that the last day for any entity asserting a claim arising from the

assessment of certain taxes described in section 502(i) of the Bankruptcy Code to file a claim

against the Debtors is the <u>later</u> of (i) the Bar Date, or (ii) the first business day that is at least

thirty (30) calendar days after the date the relevant tax claims arise; and it is further

ORDERED that the last day for the filing proofs of claim by "governmental

units" (as defined in section 101(27) of the Bankruptcy Code) is August 16, 2006 at 5:00 p.m.

prevailing Eastern Time; and it is further

ORDERED that if an amendment to the Debtors' Schedules (i) reduces the

liquidated amount of a scheduled claim, (ii) reclassifies a scheduled, undisputed, liquidated, non-

contingent claim as disputed, unliquidated, or contingent, (iii) reduces the priority of a scheduled

claim, or (iv) changes the Debtor against whom such amount was scheduled, and the affected

claimant does not agree with such amendment, the affected claimant who has not already filed a

proof of claim in advance of the Bar Date relating to such scheduled claim must file a proof of

claim on the <u>later</u> of (i) the first business day that is at least thirty (30) calendar days after the

mailing of the notice of such amendment, or (ii) such other time as may be established by order

of the Court in connection with a motion to amend the Debtors' Schedules, but in each instance,

only to the extent such proof of claim does not exceed the amount scheduled for such claim

before the amendment; and that creditors are not entitled to an extension of the Bar Date if a

5

schedule amendment increases the scheduled amount of an undisputed, liquidated, non-contingent claim; and it is further

ORDERED that neither the Bar Date nor any other deadline established by this Order applies to requests for the payment of administrative expenses arising in these cases under sections 503, 507(a)(1), 330(a), 331, and/or 364 of the Bankruptcy Code; and it is further

ORDERED that holders of equity securities of the Debtors need not file a proof of interest, provided however that any equity security holder asserting any rights as a creditor of any of the Debtors' estates, including a claim arising from rescission of a purchase or sale of a security of a Debtor or an affiliate of a Debtor or for damages arising from the purchase or sale of such a security, shall be required to file a proof of claim against the Debtors' estates on or before the Bar Date; and it is further

ORDERED that where there is an indenture trustee under an applicable indenture agreement, entities whose claims are limited exclusively to claims of principal and interest under the bonds of any of the Debtors need not file a proof of claim; provided that the applicable indenture trustee under the applicable indenture agreement shall be required to file a proof of claim, and provided further that to the extent that an indenture trustee or a bondholder asserts a claim arising out of or related to a debt instrument, other than a claim for repayment of principal and interest under such bonds, such party shall be required to file a proof of claim on or before the Bar Date; and it is further

ORDERED that where there exists one or more agents ("Agents") under a loan or credit agreement in respect of which any Debtor is a borrower, guarantor or otherwise contractually liable, entities holding claims in respect of principal, interest, fees, expenses and other amounts owing under or in respect of such loan or credit agreement (collectively, "Credit Agreement Claims") need not file a proof of claim with respect to such Credit Agreement

6

Claims; provided, that such administrative Agent (or, if there is no administrative Agent, an Agent designated for such purpose) shall be required to file a proof of claim in respect of all such Credit Agreement Claims.  To the extent that any holder of a Credit Agreement Claim asserts against a Debtor a claim other than a Credit Agreement Claim, such holder shall be required to file a proof of claim on or before the Bar Date in respect of such other claim.  Any Agent may, with respect to the proof or proofs of claim filed by it in accordance with the foregoing, (i) omit the attachment of copies of any prepetition loan-related documents (but shall promptly provide the same to counsel to the Debtors if requested to do so by such counsel) and (ii) file a single proof of claim covering the claims being asserted against all of the Debtors that such Agent asserts are liable thereon (rather than a separate proof of claim against each such Debtor), provided that such single proof of claim clearly identifies each such Debtor.  For the avoidance of doubt, this paragraph shall apply to the claims of the agents and lenders under the Second Amended and Restated Credit and Guarantee Agreement, dated April 15, 2005, among NWA Corp., certain other of the Debtors, JPMorgan Chase Bank, N.A., as Administrative Agent, and the other financial institutions party thereto as agents and lenders; and it is further

ORDERED that, notwithstanding anything in this Order, the Bar Date Notice, the Bar Date Motion, the Bankruptcy Code or the Bankruptcy Rules to the contrary, for administrative convenience purposes, the filing of any proof of claim by the Pension Benefit Guaranty Corporation ("PBGC") on its own behalf or on behalf of any one or more defined benefit pension plans of any of the Debtors against any of the Debtors shall, except to the extent such proof of claim expressly provides to the contrary, be deemed to be the filing of such proof of claim against each and all of the Debtors in these jointly administered cases; provided, however, except as expressly set forth herein, nothing herein shall affect substantive rights of the Debtors, PBGC, or any statutory committee appointed in these cases or any other party in

7

interest with respect to the allowance, amount, priority, or treatment of any such claim, including the Debtors' right to object to any such proof of claim on any ground, and it is further

ORDERED that each proof of claim to be properly filed pursuant to this Order shall (i) be written in the English language, (ii) be denominated in lawful currency of the United States as of the Petition Date; (iii) conform substantially with the Proof of Claim or Official Form No. 10; (iv) be executed by the individual to whom service of any papers relating to such claim shall be directed; (v) specify by name and case number the Debtor against which the claim is filed; if the holder asserts a claim against more than one Debtor or has claims against different Debtors, a separate proof of claim form must be filed with respect to each Debtor; and (vii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; it is further

ORDERED that any holder of a claim against the Debtors who is required, but fails, to file a proof of claim for such claim in accordance with this Order on or before the Bar Date shall be forever barred, estopped and enjoined from asserting such claim against the Debtors (or filing a proof of claim with respect thereto) and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such claim, and such holder shall not be permitted to vote on any chapter 11 plan or participate in any distribution in the Debtors' chapter 11 cases on account of such claim or to receive further notices regarding such claim; and it is further

ORDERED that notice of the entry of this Order and of the Bar Date in a form substantially similar to the notice attached ~~to the Motion as~~ Exhibit B~~hereto~~ (the "Bar Date Notice"), which Notice is hereby approved in all respects, shall be deemed good, adequate and sufficient notice if it is served by being deposited in the United States mail, first class postage prepaid, on or before June 2~~6~~, 2006 upon:

8

a.     the Office of the United States Trustee for the Southern District of New York;

b.     each member of the statutory creditors' committees appointed in these cases and their attorneys;

c.     all known holders of claims and counterparties to executory contracts listed on the Debtors' Schedules at the addresses stated therein;

d.     the District Director of Internal Revenue for the Southern District of New York;

e.     all state and local taxing authorities for the jurisdictions in which the Debtors conduct business;

f.     the Securities and Exchange Commission; and

g.     all persons and entities listed on the Debtors' Master Service List (as defined in this Court's Order establishing notice procedures and a master service list, dated September 15, 2005) as of the date of the entry of the order approving this Motion;

and it is further

ORDERED that pursuant to Bankruptcy Rule 2002(l), the Debtors shall publish the Bar Date Notice as modified for publication as may be necessary (the "Publication Notice") in the publications listed on Exhibit C to the Motion on at least one occasion (i) with respect to domestic publications, on or prior to June 30, 2006; and (ii) with respect to foreign publications, at least twenty-five (25) days prior to the Bar Date, which publications are hereby approved; and it is further

9

ORDERED that the Debtors be, and they hereby are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

ORDERED that notification of the relief granted by this Order as provided herein and in the Bar Date Motion is fair and reasonable and will provide good, sufficient and proper notice to all creditors of their rights and obligations in connection with claims they may have against the Debtors in these chapter 11 cases; and it is further

ORDERED that entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing the date by which a holder of a claim **not** subject to the Bar Date established herein must file such claim against the Debtors or be forever barred from voting upon any chapter 11 plan for such Debtors, receiving any payment or distribution of property from any Debtors or their successors or assigns with respect of such claim, and asserting such claim against any Debtor, and it is further

~~ORDERED that notwithstanding the fact that the Debtors have scheduled a claim as liquidated and undisputed, the Debtors are not precluded from objecting to any claim, whether scheduled or not; and it is further~~

ORDERED that nothing in this Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offset or defense to any claim; and it is further

ORDERED that the requirement under Local Bankruptcy Rule 9013-1(b) for the filing of a Memorandum of Law with respect to the Motion is hereby waived.

Dated:  May 22, 2006
        New York, New York


                            _/s/ Allan L. Gropper_____
                            UNITED STATES BANKRUPTCY JUDGE

NYLIB5 901784.1

# EXHIBIT THREE
## U S B C - Southern District of New York
## Case No. 05-17930
### May 22, 2006 Notice of Bar Date Requiring Filing of Proofs of Claim

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――――x

In re:                                                     :     **Chapter 11**
                                                           :
                                                           :     **Case No. 05-17930 (ALG)**
NORTHWEST AIRLINES CORPORATION,              :
NWA FUEL SERVICES CORPORATION,               :     **Jointly Administered**
NORTHWEST AIRLINES HOLDINGS CORPORATION,     :
NWA INC.,                                    :
NORTHWEST AEROSPACE TRAINING CORP.,          :
NORTHWEST AIRLINES, INC.,                    :
NWA AIRCRAFT FINANCE, INC.,                  :
MLT INC.,                                    :
COMPASS AIRLINES, INC. F/K/A NORTHWEST AIRLINES :
CARGO, INC.,                                 :
NWA RETAIL SALES INC.,                       :
MONTANA ENTERPRISES, INC.,                   :
NW RED BARON LLC, AND                        :
NWA WORLDCLUB, INC.,                         :

                            **Debtors.**      :
                                                           :

―――――――――――――――――――――――――――――――

## NOTICE OF BAR DATE REQUIRING FILING OF PROOFS OF CLAIM ON OR BEFORE AUGUST 16, 2006 AT 5:00 P.M. PREVAILING EASTERN TIME

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE ABOVE-CAPTIONED DEBTOR ENTITIES (which are listed in Paragraph 7 below):

PLEASE TAKE NOTICE THAT on [――],May 19, 2006, the Court entered an order (the "Bar Date Order") establishing **August 16, 2006 at 5:00 p.m. prevailing Eastern Time** (the "Bar Date"), as the last date and time for the filing of proofs of claim against Northwest Airlines Corporation ("NWA Corp."), NWA Fuel Services Corporation ("NFS"), Northwest Airlines Holdings Corporation ("Holdings"), NWA Inc. ("NWA Inc."), Northwest Aerospace Training Corp. ("NATCO"), Northwest Airlines, Inc. ("Northwest Airlines"), NWA Aircraft Finance, Inc. ("Aircraft Finance"), MLT Inc. ("MLT"), Compass Airlines, Inc. f/k/a Northwest Airlines Cargo, Inc. ("Compass" f/k/a "Cargo"), NWA Retail Sales Inc. ("NWA Retail"), Montana Enterprises, Inc. ("Montana"), NW Red Baron LLC ("Red Baron"), and NWA Worldclub, Inc. ("WorldClub") (collectively, the "Debtors"). A list of the Debtors, including their current or former trade names, is set forth below. The Bar Date and the procedures set forth

below for the filing of proofs of claim apply to all claims against the Debtors that arose on or prior to September 14, 2005.

**1.    WHO MUST FILE A PROOF OF CLAIM**

You MUST file a proof of claim if you have a claim that arose on or prior to September 14, 2005 (the "Petition Date"), and it is not one of the types of claims set forth in sections 2 or 3 below. Acts or omissions of the Debtors that arose on or before the Petition Date, may give rise to claims against the Debtors notwithstanding that such claims may not have matured or become fixed or liquidated prior to such date.

Under section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means: (a) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

**2.    WHO SHOULD NOT FILE A PROOF OF CLAIM**

You should not file a proof of claim if:

a.    You have **already** properly filed, with the Clerk of the United States Bankruptcy Court for the Southern District of New York, a proof of claim against the Debtors utilizing a claim form which substantially conforms to the proof of claim form tailored for these cases or Official Form No. 10;

b.    Your claim is listed on the Debtors' Schedules (as defined below), is **not** described as "disputed," "contingent," or "unliquidated," **and** you do not dispute the amount or, nature and priority of your claim as set forth in the Debtors' Schedules and you do not dispute that your claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;

c.    You have a claim under sections 503, 507(a), 330(a), 331 or 364 of the Bankruptcy Code as an administrative expense of the Debtors' chapter 11 cases;

d.    Your claim has already been paid by the Debtors;

e.    You are a current director, officer or employee of the Debtors, to the extent that your claim against the Debtors is for indemnification, contribution, subrogation or reimbursement;

f.   You are a Debtor in these cases and you have a claim against another Debtor;

g.   You are a professional whose retention in these chapter 11 cases has been approved by the Court; or

h.   You hold a claim that has been allowed by an order of the Court entered on or before the Bar Date;

i.   You hold any equity securities of the Debtors. However, any equity security holder asserting any rights as a creditor of any of the Debtors' estates, including a claim arising from rescission of a purchase or sale of a security of a Debtor or an affiliate of a Debtor or for damages arising from the purchase or sale of such a security, shall be required to file a proof of claim against the Debtors' estates on or before the Bar Date; or

j.   You are a present or former employee of one of the Debtors whose employment is subject to the terms of a collective bargaining agreement (and, with respect to benefit claims, any spouse or beneficiary thereof) and labor unions representing such employees solely with respect to any Claim based on the payment of wages, salaries, and benefits authorized to be paid by order of the paid by order of the Court under the first day wage and benefit order approved by the Court on September 15, 2005. You need not file a claim for such amounts, unless the Debtors have provided written notice to you and your union that it does not intend to pay such Claim, in which case you shall have until the later of (i) the Bar Date or (ii) 30 days from the date of written notice, to file a Proof of Claim. Notwithstanding the foregoing, either employees (present or former) or their labor unions must file claims relating to grievances prior to the Bar Date to the extent the grounds for such grievances arose on or prior to September 14, 2005, provided however that labor unions may file a claim itemizing such grievances on behalf of their respective members.

YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS, OR IF THE CLAIM YOU HELD ON THE PETITION DATE HAS BEEN PAID.

3.   **SPECIAL CLAIMS**

For claims arising from rejection of executory contracts or unexpired leases pursuant to section 365 of the Bankruptcy Code, the last day to file a proof of claim is the later of (i) the Bar Date or (ii) the first business day that is at least thirty (30) days after the entry of the order authorizing rejection.

For claims arising from recovery by the Debtor(s) of estate property transferred to you by the Debtor(s) on or prior to the Petition Date as a voidable transfer, the last day to file a proof of claim is the later of (i) the Bar Date or (ii) the first business day that is at least thirty (30) calendar days entry of an order or judgment avoiding a transfer.

For claims arising from the assessment of certain taxes as described in section 502(i) of the Bankruptcy Code, the last day to file a proof of claim is the later of (i) the Bar Date or (ii) the first business day that is at least thirty (30) calendar days after the date the relevant tax claim arises.

For claims asserted by a co-debtor, surety or guarantor that may be filed under section 501(b) of the Bankruptcy Code, the last day to file a proof of claim is September 15, 2006.

Pursuant to Bankruptcy Rule 3002(c)(1), the last date and time for filing proofs of claim by governmental units (as defined in section 101(27) of the Bankruptcy Code) is August 16, 2006 at 5:00 p.m. prevailing Eastern Time.

The Bar Date Order does not establish any deadline for the payment of administrative expenses arising under sections 503, 507(a)(1), 507(b), 330(a), 331 or 364 of the Bankruptcy Code.

Where there is an indenture trustee under an applicable indenture agreement, entities whose claims are limited exclusively to claims of principal and interest under the bonds of any of the Debtors need not file a proof of claim; provided that the applicable indenture trustee under the applicable indenture agreement shall be required to file a proof of claim. To the extent that an indenture trustee or a bondholder asserts a claim arising out of or related to a debt instrument, other than a claim for repayment of principal and interest under such bonds, such party shall be required to file a proof of claim on or before the Bar Date.

Where there exists one or more agents ("Agents") under a loan or credit agreement in respect of which any Debtor is a borrower, guarantor or otherwise contractually liable, entities holding claims in respect of principal, interest, fees, expenses and other amounts owing under or in respect of such loan or credit agreement (collectively, "Credit Agreement Claims") need not file a proof of claim with respect to such Credit Agreement Claims; provided, that such administrative Agent (or, if there is no administrative Agent, an Agent designated for such purpose) shall be required to file a proof of claim in respect of all such Credit Agreement Claims. To the extent that any holder of a Credit Agreement Claim asserts against a Debtor a claim other than a Credit Agreement Claim, such holder shall be required to file a proof of claim on or before the Bar Date in

respect of such other claim. Any Agent may, with respect to the proof or proofs of claim filed by it in accordance with the foregoing, (i) omit the attachment of copies of any prepetition loan-related documents (but shall promptly provide the same to counsel to the Debtors if requested to do so by such counsel) and (ii) file a single proof of claim covering the claims being asserted against all of the Debtors that such Agent asserts are liable thereon (rather than a separate proof of claim against each such Debtor), provided that such single proof of claim clearly identifies each such Debtor.

~~Holders of equity securities of the Debtors need not file a proof of interest. However, any equity security holder asserting any rights as a creditor of any of the Debtors' estates, including a claim arising from rescission of a purchase or sale of a security of a Debtor or an affiliate of a Debtor or for damages arising from the purchase or sale of such a security, shall be required to file a proof of claim against the Debtors' estates on or before the Bar Date.~~

~~Any present or former employee of one of the Debtors whose employment is subject to the terms of a collective bargaining agreement (and, with respect to benefit claims, any spouse or beneficiary thereof) and labor unions representing such employees solely with respect to any Claim based on the payment of wages, salaries, and benefits authorized to be paid by order of the Court under the first day wage and benefit order approved by the Court on September 15, 2005 need not file a claim for such amounts, unless the Debtors have provided written notice to an employee and their relevant union that it does not intend to exercise authority to pay such Claim, in which case the employee shall have until the later of (i) the Bar Date or (ii) 30 days from the date of written notice, to file a Proof of Claim. Notwithstanding the foregoing, either employees (present or former) or their labor unions must file claims relating to grievances prior to the Bar Date to the extent the grounds for such grievances arose on or prior to September 14, 2005, provided however that labor unions may file a claim itemizing such grievances on behalf of their respective members~~

4.    **WHEN AND WHERE TO FILE**

Except as provided for herein, proofs of claim must be filed so as to be received **on or before 5:00 p.m., prevailing Eastern Time, on August 16, 2006,** at the following address (the "Northwest Claims Docketing Center"):

**IF SENT BY MAIL**
United States Bankruptcy Court,
Southern District of New York
Attn: Northwest Airlines Claims Processing
Bowling Green Station, P.O. Box 5005
New York, New York 10274-5005

**IF SENT BY MESSENGER OR OVERNIGHT COURIER**
Office of the Clerk of the United States Bankruptcy Court
Southern District of New York
Re:  Northwest Airlines Claims Processing,
One Bowling Green, New York, New York 10004

Note that proofs of claim will be deemed timely filed only if **actually received** by the Northwest Docketing Center on or before the Bar Date. **Proofs of claim may not be delivered by facsimile or telecopy**.

5. **WHAT TO FILE**

If you file a proof of claim, your filed proof of claim must (i) be written in the English language, (ii) be denominated in lawful currency of the United States as of the Petition Date, (iii) conform substantially with the proof of claim form tailored for these cases or Official Form No. 10; and (iv) be executed by the individual to whom service of any papers relating to such claim shall be directed.

The filed proof of claim must indicate the Debtor(s) against which you assert your claim.  If you assert the same claim against more than one of the above-captioned debtors, you should file a separate proof of claim against each of the Debtors against which such claims are asserted. Additionally, if you assert different claims, based on different facts and circumstances, against different Debtors, you should also complete separate proofs of claim.

YOU SHOULD ATTACH TO YOUR COMPLETED PROOF OF CLAIM FORM COPIES OF ANY WRITINGS UPON WHICH SUCH CLAIM IS BASED.

EXCEPT WITH RESPECT TO CLAIMS OF THE TYPE SET FORTH IN SECTIONS 2 AND 3 ABOVE, ANY CREDITOR WHO FAILS TO FILE A PROOF OF CLAIM ON OR BEFORE AUGUST 16, 2006 FOR ANY CLAIM SUCH CREDITOR HOLDS OR WISHES TO ASSERT AGAINST THE DEBTORS WILL BE ~~FOREVER~~ BARRED, ~~ESTOPPED, AND ENJOINED~~ FROM ASSERTING SUCH CLAIM ~~(OR FILING A PROOF OF CLAIM WITH RESPECT TO SUCH CLAIM)~~ AGAINST THE DEBTORS ~~AND THE DEBTORS AND THEIR~~

~~PROPERTY WILL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO SUCH CLAIM~~, AND SUCH HOLDER SHALL NOT BE PERMITTED TO VOTE ON ANY CHAPTER 11 PLAN OR PARTICIPATE IN ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM, OR TO RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

Any proof of claim previously properly filed with the Clerk of the Bankruptcy Court prior to the mailing of this notice shall be deemed to be and shall be treated as a properly filed claim subject to the right of the Debtors or any party in interest to object to the allowance thereof. No additional proof of claim is required. If you have not filed your proof of claim yet, please file it with the Claims Agent only; please do not file your proof of claim with the Court or attempt to do so by sending it to Debtors' counsel.

A copy of the proof of claim form tailored for these cases can be obtained on-line from www.nwa-restructuring.com, Northwest's restructuring website.

6.    **THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against the Debtors in the Debtors' Statements of Financial Affairs, Schedules of Assets and Liabilities and Schedules of Executory Contracts and Unexpired Leases (collectively, as may be amended, the "Debtors' Schedules"). If you wish to ascertain the treatment of your claim in the Debtors' Schedules, you may access them on-line at www.nwa-restructuring.com or contact the Debtors' claims agent, Bankruptcy Services, LLC at (866) 715-0768.

Copies of the Debtors' Schedules and the Bar Date Order may also be examined at the Bankruptcy Court's website at https://ecf.nysb.uscourts.gov/ (for those with a valid PACER account) or at the Office of the Clerk of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York, Monday through Friday, from 9:00 a.m. to 4:30 p.m.

Bankruptcy Services, LLC may be contacted at (866) 715-0768 for assistance if there are any questions concerning the filing or processing of a proof of claim.

**A CLAIMANT SHOULD CONSULT AN ATTORNEY REGARDING ANY OTHER INQUIRIES, SUCH AS WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM.**

7.    **DEBTOR NAME, CASE NUMBER & TRADE NAMES**

Northwest Airlines Corporation ("NWA Corp") – Case No. 05-17930

NWA Fuel Services Corporation ("NFS") - Case No. 05-17925

Northwest Airlines Holdings Corporation ("Holdings") - Case No. 05-17938

NWA Inc. ("NWA Inc.") - Case No. 05-17940

Northwest Aerospace Training Corp. ("NATCO") - Case No. 05-17944

Northwest Airlines, Inc. ("Northwest Airlines") - Case No. 05-17933

MLT Inc. ("MLT") - Case No. 05-17948

Compass Airlines, Inc. f/k/a Northwest Airlines Cargo, Inc. ("Compass" f/k/a "Cargo") - Case No. 05-17949

NWA Retail Sales Inc. ("NWA Retail") - Case No. 05-17950

Montana Enterprises, Inc. ("Montana") - Case No. 05-17952

NW Red Baron LLC ("Red Baron") - Case No. 05-17953

Aircraft Foreign Sales, Inc. ("Foreign Sales") - Case No. 05-17955

NWA WorldClub, Inc. ("WorldClub") - Case No. 05-17956

NWA Aircraft Finance, Inc. ("Aircraft Finance") - Case No. 05-19287

~~This notice is only a summary of the Bar Date Order.~~ All creditors and other parties in interest are referred to the text of the Bar Date Order itself and to the Bankruptcy Code, Bankruptcy Rules and Local Bankruptcy Rules for additional information regarding the filing and treatment of proofs of claim and should consult with their own legal advisors.

New York, New York
~~_____,~~May 22, 2006

CADWALADER, WICKERSHAM & TAFT LLP

Bruce R. Zirinsky (BZ 2990)
Gregory M. Petrick (GP 2175)
Nathan A. Haynes (NH 4955)
One World Financial Center
New York, New York 10281
Telephone: (212) 504-6000
Facsimile: (212) 504-6666

- and -

Mark C. Ellenberg (ME 6927)
1201 F Street N.W., Suite 1100
Washington, DC 20004
Telephone: (202) 862-2200
Facsimile: (202) 862-2400

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

NYLIB5 901777.1

# EXHIBIT FOUR
## U S B C - Southern District of New York
## Case No. 05-17930
### Affidavits of Publication

Bruce R. Zirinsky (BZ 2990)
Gregory M. Petrick (GP 2175)
CADWALADER, WICKERSHAM & TAFT LLP
Attorneys for Debtors and  Debtors In Possession
One World Financial Center
New York, New York  10281
Telephone:  (212) 504-6000
Facsimile:  (212) 504-6666

- and-

Mark C. Ellenberg (ME 6927)
CADWALADER, WICKERSHAM & TAFT LLP
1201 F Street N.W., Suite 1100
Washington, DC 20004
Telephone:  (202) 862-2200
Facsimile:  (202) 862-2400

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x

| | |
|---|---|
| **In re:** | : **Chapter 11** |
| | : |
| **NORTHWEST AIRLINES CORPORATION, et al.,** | : **Case No. 05-17930 (ALG)** |
| **Debtors.** | : **Jointly Administered** |

---------------------------------------------------------------------x

### AFFIDAVITS OF PUBLICATION WITH RESPECT TO THE AMENDED ORDER FIXING BAR DATE FOR FILING PROOFS OF CLAIM, APPROVING PROPOSED PROOF OF CLAIM FORM, APPROVING PROPOSED BAR DATE NOTICE AND APPROVING PROPOSED NOTICE AND PUBLICATION PROCEDURES

   **PLEASE TAKE NOTICE** of the filing of the attached Affidavits of Publication (the "Affidavits") in connection with the publication of the Bar Date Notice for Northwest Airlines Corporation and its affiliated entities, as debtors and debtors in possession, in accordance with the Bankruptcy Court's Amended Order Fixing Bar Date For Filing Proofs Of Claim, Approving Proposed Proof Of Claim Form, Approving Proposed Bar Date Notice And Approving Proposed Notice And Publication Procedures, dated May 22, 2006 (Docket No. 2607).

   **PLEASE TAKE FURTHER NOTICE** that the Bar Date Notice was published in the following newspapers on the following dates, (i) June 28, 2006, New York Times (Exhibit A hereto); (ii) June 28, 2006, Wall Street Journal (Exhibit B hereto); (iii) June 28, 2006, USA Today (Exhibit C hereto); (iv) June 28, 2006, Detroit News and Free Press (Exhibit D hereto); (v) June 28, 2006, Minneapolis Star Tribune (Exhibit E hereto); (vi) June 28, 2006, Memphis Commercial Appeal (Exhibit F hereto); (vii) June 28, 2006, De Telegraaf (English & Dutch) (Exhibit G hereto); (viii) June 28, 2006, Financial Times (Exhibit H hereto); (ix) June 28, 2006, International Herald Tribune (Exhibit I hereto); (x) June 29, 2006,

Ashai Shimbun (Japanese) (Exhibit J hereto); and (xi) July 3, 2006, Ashai Shimbun (English) (Exhibit K hereto).

Dated: New York, NY
      April 18, 2007

                                        /s/ Gregory M. Petrick
                                        Bruce R. Zirinsky (BZ 2990)
                                        Gregory M. Petrick (GP 2175)
                                        CADWALADER, WICKERSHAM & TAFT LLP
                                        One World Financial Center
                                        New York, New York 10281
                                        Telephone: (212) 504-6000
                                        Facsimile:  (212) 504-6666

                                        -and-

                                        Mark C. Ellenberg (ME 6927)
                                        CADWALADER, WICKERSHAM & TAFT LLP
                                        1201 F Street, N.W., Suite 1100
                                        Washington DC 20004
                                        Telephone:  (202) 862-2200
                                        Facsimile:  (202) 862-2400
                                        Attorneys for the Debtors and Debtors-in-Possession

# EXHIBIT A



229 WEST 43RD STREET • NEW YORK, NY 10036-3959

SEC. C PG. 11

## CERTIFICATION OF PUBLICATION

JUN 3 0 2006 _____ 20 ____

I, _____ DEBRA BARNING _____ , in my capacity as a Principal Clerk of the Publisher of The New York Times a daily newspaper of general circulation printed and published in the City, County and State of New York, hereby certify that the advertisement annexed hereto was published in the editions of The New York Times on the following date or dates, to wit on

_____

_____ JUN 2 8 2006 _____ 20 ____

Approved:

_____ Rich Ueland _____

THIS CERTIFICATION
NOT VALID
WITHOUT NYT RAISED SEAL



# EXHIBIT B



STATE OF TEXAS               )
                            )  ss:
CITY AND COUNTY OF DALLAS)

I, Glenn Hellums Jr., being duly sworn, depose and say that I am the Advertising Clerk

of the Publisher of THE WALL STREET JOURNAL , a daily national newspaper

published and of general circulation in the City and County of New York, New York,

City of Naperville, DuPage County, Illinois, and in the city and County of Dallas, Texas

and that the attached Notice has been regularly published in THE WALL STREET

JOURNAL for national distribution for one insertion(s) on the following date(s):  6/28/06

at the request of advertiser: Northwest Airlines and that the foregoing statements are true

and correct to the best of my knowledge, information, and belief.

Sworn to before me this

28ᵗʰ day of June 2006

Notary Public

# ⧫ BANKRUPTCIES ⧫

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| NORTHWEST AIRLINES CORPORATION, | Case No. 05-17930 (ALG) |
| NWA FUEL SERVICES CORPORATION, | Case No. 05-17932 (ALG) |
| NORTHWEST AIRLINES HOLDINGS CORPORATION, | Case No. 05-17938 (ALG) |
| NWA INC., | Case No. 05-17937 (ALG) |
| NORTHWEST AEROSPACE TRAINING CORP., | Case No. 05-17944 (ALG) |
| NORTHWEST AIRLINES, INC., | Case No. 05-17933 (ALG) |
| NWA AIRCRAFT FINANCE, INC., | Case No. 05-18287 (ALG) |
| MLT INC., | Case No. 05-17948 (ALG) |
| COMPASS AIRLINES, INC. F/K/A NORTHWEST AIRLINES CARGO, INC., | Case No. 05-17949 (ALG) |
| NWA RETAIL SALES INC., | Case No. 05-17950 (ALG) |
| MONTANA ENTERPRISES, INC., | Case No. 05-17952 (ALG) |
| NW RED BARON LLC, | Case No. 05-17953 (ALG) |
| AIRCRAFT FOREIGN SALES, INC. AND | Case No. 05-17955 (ALG) |
| NWA WORLDCLUB, INC., | Case No. 05-17956 (ALG) |
| Debtors. | Jointly Administered |

## NOTICE OF BAR DATE REQUIRING FILING OF PROOFS OF CLAIM ON OR BEFORE AUGUST 16, 2006 AT 5:00 P.M. PREVAILING EASTERN TIME

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE ABOVE-CAPTIONED DEBTORS OR ENTITIES (which are listed in Paragraph 7 below):

[The remainder of this notice is heavily degraded and only partially legible.]

**1. WHO MUST FILE A PROOF OF CLAIM** ...

**2. WHO SHOULD NOT FILE A PROOF OF CLAIM** ...

**SPECIAL CLAIMS** ...

# EXHIBIT C



7950 Jones Branch Drive • McLean, Virginia 22108
(703) 854-3400



GANNETT

## VERIFICATION OF PUBLICATION

**COMMONWEALTH OF VIRGINIA**
**COUNTY OF FAIRFAX**

Being duly sworn Eric Morgan says that he is the principal clerk of USA TODAY, and is duly authorized by USA TODAY to make this affidavit, and is fully acquainted with the facts stated herein: on <u>Wednesday, June 28, 2006</u> the following advertisement- <u>In re: NORTHWEST AIRLINES CORPORATION</u> was published in **USA TODAY DOMESTIC.**

Principal Clerk of USA TODAY
Friday, July 07, 2006

Subscribed and sworn to before me
This _____ day of _____ month
_____ year.

Notary Public

My Commission Expires September 30, 2009

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| NORTHWEST AIRLINES CORPORATION, | : | Case No. 05-17930 (ALG) |
| NWA FUEL SERVICES CORPORATION, | : | Case No. 05-17935 (ALG) |
| NORTHWEST AIRLINES HOLDINGS CORPORATION, | : | Case No. 05-17928 (ALG) |
| NWA INC., | : | Case No. 05-17949 (ALG) |
| NORTHWEST AEROSPACE TRAINING CORP., | : | Case No. 05-17944 (ALG) |
| NORTHWEST AIRLINES, INC., | : | Case No. 05-17933 (ALG) |
| NWA AIRCRAFT FINANCE, INC., | : | Case No. 05-10287 (ALG) |
| MLT INC., | : | Case No. 05-17948 (ALG) |
| COMPASS AIRLINES, INC. F/K/A NORTHWEST AIRLINES CARGO, INC., | : | Case No. 05-17949 (ALG) |
| NWA RETAIL SALES INC., | : | Case No. 05-17950 (ALG) |
| MONTANA ENTERPRISES, INC., | : | Case No. 05-17952 (ALG) |
| NWA RED BARON LLC | : | Case No. 05-17951 (ALG) |
| AIRCRAFT FOREIGN SALES, INC. AND | : | Case No. 05-17955 (ALG) |
| NWA WORLDCLUB, INC., | : | Case No. 05-17956 (ALG) |
| Debtors. | : | Jointly Administered |

**NOTICE OF BAR DATE REQUIRING FILING OF PROOFS OF CLAIM ON OR BEFORE AUGUST 16, 2006 AT 5:00 P.M. PREVAILING EASTERN TIME**

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE ABOVE-CAPTIONED DEBTOR ENTITIES (which are listed in Paragraph 7 below):
PLEASE TAKE NOTICE that on May 19, 2006, the Court entered an order (as amended by order dated May 22, 2006, the "Bar Date Order") establishing August 16, 2006 at 5:00 p.m. prevailing Eastern Time (the "Bar Date"), as the last date and time for the filing of proofs of claim against Northwest Airlines Corporation ("NWA Corp."), NWA Fuel Services Corporation ("NFS"), Northwest Airlines Holdings Corporation ("Holdings"), NWA Inc. ("NWA Inc."), Northwest Aerospace Training Corp. ("NATCO"), Northwest Airlines, Inc. ("Northwest Airlines"), NWA Aircraft Finance, Inc. ("Aircraft Finance"), MLT Inc. ("MLT"), Compass Airlines, Inc. f/k/a Northwest Airlines Cargo, Inc. ("Compass"), NWA Retail Sales Inc. ("NWA Retail"), Montana Enterprises, Inc. ("Montana"), NWA Red Baron LLC ("Red Baron"), Aircraft Foreign Sales, Inc. ("Foreign Sales") and NWA WorldClub, Inc. ("WorldClub") (collectively, the "Debtors"). A list of the Debtors, including their current or former trade names, is set forth below. The Bar Date and the procedures set forth below for the filing of proofs of claim apply to all claims against the Debtors that arose on or prior to September 14, 2005.

1. **WHO MUST FILE A PROOF OF CLAIM**
   You MUST file a proof of claim if you have a claim that arose on or prior to September 14, 2005 (the "Petition Date"), and it is not one of the types of claims set forth in section 2 below. Acts or omissions of the Debtors that arose on or before the Petition Date may give rise to claims against the Debtors notwithstanding that such claims may not have matured or become fixed or liquidated prior to such date.
   Under section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means: (a) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

2. **WHO SHOULD NOT FILE A PROOF OF CLAIM**
   You should not file a proof of claim if:
   a. You have already properly filed, with the Clerk of the United States Bankruptcy Court for the Southern District of New York, a proof of claim against the Debtors utilizing a claim form which substantially conforms to the proof of claim form tailored for these cases or Official Form No. 10;
   b. Your claim is listed on the Debtors' Schedules (as defined below), is not described as "disputed," "contingent," or "unliquidated," and you do not dispute the amount, nature and priority of your claim as set forth in the Debtors' Schedules and you do not dispute that your claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;
   c. You have a claim under sections 503, 507(a), 330(a), 331 or 364 of the Bankruptcy Code as an administrative expense of the Debtors' chapter 11 cases;
   d. Your claim has already been paid by the Debtors;
   e. You are a common director, officer or employee of the Debtors, to the extent that your claim against the Debtors is for indemnification, contribution, subrogation or reimbursement;
   f. You are a Debtor in these cases and you have a claim against another Debtor;
   g. You are a governmental unit whose restriction in these chapter 11 cases has been approved by the Court;
   h. You hold a claim that has been allowed by an order of the Court entered on or before the Bar Date;
   i. You hold any equity securities of the Debtors. However, any equity security holder asserting any rights as a creditor of any of the Debtors' estates, including a claim arising from rescission of a purchase or sale of a security of a Debtor or an affiliate of a Debtor or for damages arising from the purchase or sale of such a security, shall be required to file a proof of claim against the Debtors' estates on or before the Bar Date; or
   j. You are a present or former employee of one of the Debtors whose employment is subject to the terms of a collective bargaining agreement (and, with respect to benefit claims, any spouse or beneficiary thereof) and labor unions representing such employees solely with respect to any Claim based on the payment of wages, salaries, and benefits authorized to be paid by order of the Court under the first day wage and benefit orders approved by the Court on September 15, 2005. You need not file a claim for such amounts, unless the Debtors have provided written notice to you and your union that they do not intend to pay such Claim, in which case you shall have until the later of (i) the Bar Date or (ii) 30 days from the date of written notice, to file a Proof of Claim. Notwithstanding the foregoing, other employees (present or former) or their labor unions must file claims relating to grievances prior to the Bar Date to the extent the grounds for such grievances arose on or prior to September 14, 2005, provided however that labor unions may file a claim involving such grievances on behalf of their respective members.
   YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS, OR IF THE CLAIM YOU HELD ON THE PETITION DATE HAS BEEN PAID.

3. **SPECIAL CLAIMS**
   For claims arising from rejection of executory contracts or unexpired leases pursuant to section 365 of the Bankruptcy Code, the last day to file a proof of claim is the later of (i) the Bar Date or (ii) the first business day that is at least thirty (30) calendar days after the entry of the order authorizing rejection.
   For claims arising from recovery by the Debtor(s) of estate property transferred to you by the Debtor(s) on or prior to the Petition Date as a voidable transfer, the last day to file a proof of claim is the later of (i) the Bar Date or (ii) the first business day that is at least thirty (30) calendar days after entry of an order or judgment avoiding a transfer.
   For claims arising from the assessment of certain taxes as described in section 503(i) of the Bankruptcy Code, the last day to file a proof of claim is the later of (i) the Bar Date or (ii) the first business day that is at least thirty (30) calendar days after the date the relevant tax claim arises.
   For claims asserted by a co-debtor, surety or guarantor that may be filed under section 501(b) of the Bankruptcy Code, the last day to file a proof of claim is September 15, 2006.
   Pursuant to Bankruptcy Rule 2002(c)(1), the last date and time for filing proofs of claim by governmental units (as defined in section 101(27) of the Bankruptcy Code) is August 16, 2006 at 5:00 p.m. prevailing Eastern Time.
   The Bar Date Order does not establish any deadline for the payment of administrative expenses arising under sections 503, 507(a)(1), 507(b), 330(a), 331 or 364 of the Bankruptcy Code.
   Where there is an indenture trustee under an applicable indenture agreement, entities whose claims are based exclusively on claims of principal and interest under the bonds of any of the Debtors need not file a proof of claim; provided that the applicable indenture trustee under the applicable indenture agreement shall be required to file a proof of claim. To the extent that an indenture trustee or a bondholder asserts a claim arising out of or related to a debt instrument, other than a claim for repayment of principal and interest under such bonds, such party shall be required to file a proof of claim on or before the Bar Date.
   Where there exists one or more agents ("Agency") under a loan or credit agreement in respect of which any Debtor is a borrower, guarantor or otherwise contractually liable, entities holding claims in respect of principal, interest, fees, expenses and other amounts owing under or in respect of such loans or credit agreements (collectively, "Credit Agreement Claims") need not file a proof of claim with respect to such Credit Agreement Claims; provided, that each administrative Agent (or, if there is no administrative Agent, an Agent designated for such purpose) shall be required to file a proof of claim in respect of all such Credit Agreement Claims. To the extent that any holder of a Credit Agreement Claim asserts against a Debtor a claim other than a Credit Agreement Claim, such holder shall be required to file a proof of claim on or before the Bar Date in respect of such other claim. Any Agent may, with respect to the proof of proofs of claim filed by it in accordance with the foregoing, (i) with the attachment of copies of any prepetition loan-related documents (but shall promptly provide the same to counsel to the Debtors if requested to do so by such counsel) and (ii) file a single proof of claim covering the claims being asserted against all of the Debtors that such Agent asserts are liable thereon (rather than a separate proof of claim against each such Debtor), provided that such single proof of claim clearly identifies each such Debtor.

4. **WHEN AND WHERE TO FILE**
   Except as provided by herein, proofs of claim must be filed so as to be received on or before 5:00 p.m., prevailing Eastern Time, on August 16, 2006, at the following address (the "Northwest Claims Docketing Center"):

   | IF SENT BY MAIL | IF SENT BY MESSENGER OR OVERNIGHT COURIER |
   |---|---|
   | United States Bankruptcy Court, Southern District of New York | Office of the Clerk of the United States Bankruptcy Court |
   | Attn: Northwest Airlines Claims Processing | Southern District of New York |
   | Bowling Green Station, P.O. Box 5083 | Re: Northwest Airlines Claims Processing |
   | New York, New York 10274-5083 | One Bowling Green, New York, New York 10004 |

   Note that proofs of claim will be deemed timely filed only if actually received by the Northwest Claims Docketing Center on or before the Bar Date. Proofs of claim may not be delivered by facsimile or telecopy.

5. **WHAT TO FILE**
   If you file a proof of claim, your filed proof of claim must (i) be written in the English language, (ii) be denominated in lawful currency of the United States as of the Petition Date, (iii) conform substantially with the proof of claim form tailored for these cases or Official Form No. 10; and (iv) be executed by the individual or entity and by any papers relating to such claim shall be attached.
   The filed proof of claim must indicate the Debtor(s) against which your assert your claim. If you assert the same claim against more than one of the above-captioned debtors, you should file a separate proof of claim against each of the Debtors against which such claims are asserted. Additionally, if you assert different claims, based on different facts and circumstances, against different Debtors, you should also complete separate proofs of claim.
   WHO SHOULD ATTACH TO YOUR COMPLETED PROOF OF CLAIM FORM COPIES OF ANY WRITINGS UPON WHICH SUCH CLAIM IS BASED. EXCEPT WITH RESPECT TO CLAIMS OF THE TYPE SET FORTH IN SECTIONS 2 AND 3 ABOVE, ANY CREDITOR WHO FAILS TO FILE A PROOF OF CLAIM ON OR BEFORE AUGUST 16, 2006 FOR ANY CLAIM SUCH CREDITOR HOLDS OR WISHES TO ASSERT AGAINST THE DEBTORS WILL BE BARRED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS, AND SUCH HOLDER SHALL NOT BE PERMITTED TO VOTE ON ANY CHAPTER 11 PLAN OR PARTICIPATE IN ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM, OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.
   Any proof of claim previously properly filed with the Clerk of the Bankruptcy Court prior to the mailing of this notice shall be deemed to be and shall be treated as a properly filed claim subject to the right of the Debtors or any party in interest to object to the allowance thereof. No additional proof of claim is required.
   A copy of the proof of claim form tailored for these cases can be obtained on-line from www.nwa-restructuring.com, Northwest's restructuring website.

6. **THE DEBTORS' SCHEDULES AND ACCESS THERETO**
   You may be listed as the holder of a claim against the Debtors in the Debtors' Statements of Financial Affairs, Schedules of Assets and Liabilities and Schedules of Executory Contracts and Unexpired Leases (collectively, as may be amended, the "Debtors' Schedules"). If you wish to ascertain the treatment of your claim in the Debtors' Schedules, you may access them on-line at www.nwa-restructuring.com or contact the Debtors' claims agent, Bankruptcy Services LLC at (866) 775-6768.
   Copies of the Debtors' Schedules and the Bar Date Order may also be examined at the Bankruptcy Court's website at http://ecf.nysb.uscourts.gov (for those with a valid PACER account) or at the Office of the Clerk of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York, Monday through Friday, from 9:00 a.m. to 4:30 p.m.
   Bankruptcy Services LLC may be contacted at (866) 775-6768 for assistance if there are any questions concerning the filing or processing of a proof of claim.
   **A CLAIMANT SHOULD CONSULT AN ATTORNEY REGARDING ANY OTHER INQUIRIES, SUCH AS WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM.**

7. **DEBTOR NAME, CASE NUMBER & TRADE NAMES**
   Northwest Airlines Corporation ("NWA Corp.") - Case No. 05-17930; NWA Fuel Services Corporation ("NFS") - Case No. 05-17935; Northwest Airlines Holdings Corporation ("Holdings") - Case No. 05-17928; NWA Inc. ("NWA Inc.") - Case No. 05-17949; Northwest Aerospace Training Corp. ("NATCO") - Case No. 05-17944; Northwest Airlines, Inc. ("Northwest Airlines") - Case No. 05-17933; MLT Inc. ("MLT") - Case No. 05-17948; NWA Aircraft Finance, Inc. ("Aircraft Finance") - Case No. 05-10287; Compass Airlines, Inc. f/k/a Northwest Airlines Cargo, Inc. ("Compass") - Case No. 05-17949; NWA Retail Sales Inc. ("NWA Retail") - Case No. 05-17950; Montana Enterprises, Inc. ("Montana") - Case No. 05-17952; NWA Red Baron LLC ("Red Baron") - Case No. 05-17951; Aircraft Foreign Sales, Inc. ("Foreign Sales") - Case No. 05-17955; NWA WorldClub, Inc. ("WorldClub") - Case No. 05-17956; NWA Aircraft Finance, Inc. ("Aircraft Finance") - Case No. 05-10287.
   All creditors and other parties in interest are referred to the text of the Bar Date Order itself and to the Bankruptcy Code, Bankruptcy Rules and Local Bankruptcy Rules for additional information regarding the filing and treatment of proofs of claim and should consult with their own legal advisors.
   New York, New York    June 27, 2006

   CADWALADER, WICKERSHAM & TAFT LLP
   - and -

| | | |
|---|---|---|
| Bruce R. Zirinsky (BZ 2990) | Mark C. Ellenberg (ME 6927) | |
| Gregory M. Petrick (GP 2175) | 1201 F Street N.W., Suite 1100 | |
| Nathan A. Haynes (NH 6955) | Washington, DC 20004 | |
| One World Financial Center | Telephone: (202) 862-2200 | |
| New York, New York 10281 | Facsimile: (202) 862-2400 | |

# **EXHIBIT D**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTHWEST AIRLINES | ) | Case No. 05-17390 (ALG) |
| | ) | *et al* |
| Debtors | ) | |

AFFIDAVIT OF PUBLICATION

STATE OF NEW YORK      )
                                         )
COUNTY OF NEW YORK   )

I, PAUL C. MESCHES, being duly sworn, depose and say that I am the Marketing Director of Porte Advertising, Inc., and that I arranged for the publication of the attached notice in *The Detroit News and Free Press* on June 28, 2006.

The foregoing statements are true and correct to the best of my knowledge, information and belief.

_____
Paul C. Mesches

Sworn to me this

31st day of AUGUST 2006.

_____
Notary Public

MARIAH DUBIN
Notary Public, State of New York
No. 01DU6076302
Qualified in Nassau County
Commission Expires June 24, 2010



[illegible] STATES BANKRUPTCY COURT
[illegible]ERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| [illegible]e: | : | Chapter 11 |
| [illegible]ORTHWEST AIRLINES CORPORATION, | : | Case No. 05-17930 (ALG) |
| NWA FUEL SERVICES CORPORATION, | : | Case No. 05-17925 (ALG) |
| NORTHWEST AIRLINES HOLDINGS CORPORATION, | : | Case No. 05-17938 (ALG) |
| NWA INC., | : | Case No. 05-17940 (ALG) |
| NORTHWEST AEROSPACE TRAINING CORP., | : | Case No. 05-17944 (ALG) |
| NORTHWEST AIRLINES, INC., | : | Case No. 05-17933 (ALG) |
| NWA AIRCRAFT FINANCE, INC., | : | Case No. 05-19287 (ALG) |
| MLT INC., | : | Case No. 05-17948 (ALG) |
| COMPASS AIRLINES, INC. F/K/A NORTHWEST AIRLINES CARGO, INC., | : | Case No. 05-17949 (ALG) |
| NWA RETAIL SALES INC., | : | Case No. 05-17950 (ALG) |
| MONTANA ENTERPRISES, INC., | : | Case No. 05-17952 (ALG) |
| NW RED BARON LLC, | : | Case No. 05-17953 (ALG) |
| AIRCRAFT FOREIGN SALES, INC. AND | : | Case No. 05-17955 (ALG) |
| NWA WORLDCLUB, INC., | : | Case No. 05-17956 (ALG) |
| Debtors. | : | Jointly Administered |

**NOTICE OF BAR DATE REQUIRING FILING OF PROOFS OF CLAIM ON OR BEFORE AUGUST 16, 2006 AT 5:00 P.M. PREVAILING EASTERN TIME**

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE ABOVE-CAPTIONED DEBTOR ENTITIES (which are listed in Paragraph 7 below):

PLEASE TAKE NOTICE THAT on May 19, 2006, the Court entered an order (as amended by order dated May 22, 2006, the "Bar Date Order") establishing **August 16, 2006 at 5:00 p.m. prevailing Eastern Time** (the "Bar Date"), as the last date and time for the filing of proofs of claim against Northwest Airlines Corporation ("NWA Corp."), NWA Fuel Services Corporation ("NFS"), Northwest Airlines Holdings Corporation ("Holdings"), NWA Inc. ("NWA Inc."), Northwest Aerospace Training Corp. ("NATCO"), Northwest Airlines, Inc. ("Northwest Airlines"), NWA Aircraft Finance, Inc. ("Aircraft Finance"), MLT Inc. ("MLT"), Compass Airlines, Inc. f/k/a Northwest Airlines Cargo, Inc. ("Compass" f/k/a "Cargo"), NWA Retail Sales Inc. ("NWA Retail"), Montana Enterprises, Inc. ("Montana"), NW Red Baron LLC ("Red Baron"), Aircraft Foreign Sales, Inc. ("Foreign Sales") and NWA WorldClub, Inc. ("WorldClub") (collectively, the "Debtors"). A list of the Debtors, including their current or former trade names, is set forth below. The Bar Date and the procedures set forth below for the filing of proofs of claim apply to all claims against the Debtors that arose on or prior to September 14, 2005.

1. **WHO MUST FILE A PROOF OF CLAIM**

You MUST file a proof of claim if you have a claim that arose on or prior to September 14, 2005 (the "Petition Date"), and it is not one of the types of claims set forth in section 2 below. Acts or omissions of the Debtors that arose on or before the Petition Date may give rise to claims against the Debtors notwithstanding that such claims may not have matured or become fixed or liquidated prior to such date.

Under section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means: (a) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

2. **WHO SHOULD NOT FILE A PROOF OF CLAIM**

You should not file a proof of claim if:

a. You have already properly filed, with the Clerk of the United States Bankruptcy Court for the Southern District of New York, a proof of claim against the Debtors utilizing a claim form which substantially conforms to the proof of claim form tailored for these cases or Official Form No. 10;

b. Your claim is listed on the Debtors' Schedules (as defined below), is not described as "disputed," "contingent," or "unliquidated," and you do not dispute the amount, nature and priority of your claim as set forth in the Debtors' Schedules and you do not dispute that your claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;

c. You have a claim under sections 503, 507(a), 330(a), 331 or 364 of the Bankruptcy Code as an administrative expense of the Debtors' chapter 11 cases;

d. Your claim has already been paid by the Debtors;

e. You are a current director, officer or employee of the Debtors, to the extent that your claim against the Debtors is for indemnification, contribution, subrogation or reimbursement;

f. You are a Debtor in these cases and you have a claim against another Debtor;

g. You are a professional whose retention in these chapter 11 cases has been approved by the Court;

h. You hold a claim that has been allowed by an order of the Court entered on or before the Bar Date;

i. You hold any equity securities of the Debtors. However, any equity security holder asserting any rights as a creditor of any of the Debtors' estates, including a claim arising from rescission of a purchase or sale of a security of a Debtor or an affiliate of a Debtor or for damages arising from the purchase or sale of such a security, shall be required to file a proof of claim against the Debtors' estates on or before the Bar Date; or

j. You are a present or former employee of one of the Debtors whose employment is subject to the terms of a collective bargaining agreement (and, with respect to benefit claims, any spouse or beneficiary thereof) and labor unions representing such employees solely with respect to any Claim based on the payment of wages, salaries, and benefits authorized to be paid by order of the Court under the first day wage and benefit order approved by the Court on September 15, 2005. You need not file a claim for such amounts, unless the Debtors have provided written notice to you and your union that they do not intend to pay such Claim, in which case you shall have until the later of (i) the Bar Date or (ii) 30 days from the date of written notice, to file a Proof of Claim. Notwithstanding the foregoing, either employees (present or former) or their labor unions must file claims relating to grievances prior to the Bar Date to the extent the grounds for such grievances arose on or prior to September 14, 2005, provided however that labor unions may file a claim itemizing such grievances on behalf of their respective members.

YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS, OR IF THE CLAIM YOU HELD ON THE PETITION DATE HAS BEEN PAID.

3. **SPECIAL CLAIMS**

For claims arising from rejection of executory contracts or unexpired leases pursuant to section 365 of the Bankruptcy Code, the last day to file a proof of claim is the later of (i) the Bar Date or (ii) the first business day that is at least thirty (30) calendar days after the entry of the order authorizing rejection.

For claims arising from recovery by the Debtor(s) of estate property transferred to you by the Debtor(s) on or prior to the Petition Date as a voidable transfer, the last day to file a proof of claim is the later of (i) the Bar Date or (ii) the first business day that is at least thirty (30) calendar days after entry of an order or judgment avoiding a transfer.

For claims arising from the assessment of certain taxes as described in section 502(i) of the Bankruptcy Code, the last day to file a proof of claim is the later of (i) the Bar Date or (ii) the first business day that is at least thirty (30) calendar days after the date the relevant tax claim arises.

For claims asserted by a co-debtor, surety or guarantor that may be filed under section 501(b) of the Bankruptcy Code, the last day to file a proof of claim is September [illegible], 2006.

Pursuant to Bankruptcy Rule 3002(c)(1), the last date and time for filing proofs of claim by governmental units (as defined in section 101(27) of the Bankruptcy Code) is August 16, 2006 at 5:00 p.m. prevailing Eastern Time.

The Bar Date Order does not establish any deadline for the payment of administrative expenses arising under sections 503, 507(a)(1), 507(b), 330(a), 331 or 364 of the Bankruptcy Code.

Where there is an indenture trustee under an applicable indenture agreement, entities whose claims are limited exclusively to claims of principal and interest under the bonds of any of the Debtors need not file a proof of claim; provided that the applicable indenture trustee under the applicable indenture agreement shall be required to file a proof of claim. To the extent that an indenture trustee or a bondholder asserts a claim arising out of or related to a debt instrument other than a claim for repayment of principal and interest under such bonds, such party shall be required to file a proof of claim on or before the Bar Date.

Where there exists one or more agents ("Agents") under a loan or credit agreement in respect of which any Debtor is a borrower, guarantor or otherwise contractually liable, entities holding claims in respect of principal, interest, fees, expenses and other amounts owing under or in respect of such loan or credit agreement (collectively, "Credit Agreement Claims") need not file a proof of claim with respect to such Credit Agreement Claims; provided, that such administrative Agent (or if there is no administrative Agent, an Agent designated for such purpose) shall be required to file a proof of claim in respect of all such Credit Agreement Claims. To the extent that any holder of a Credit Agreement Claim asserts against a Debtor a claim other than a Credit Agreement Claim, such holder shall be required to file a proof of claim on or before the Bar Date in respect of such other claim. Any Agent may, with respect to the proof or proofs of claim filed by it in accordance with the foregoing, (i) omit the attachment of copies of any prepetition loan-related documents (but shall promptly provide the same to counsel to the Debtors if requested to do so by such counsel) and (ii) file a single proof of claim covering the claims being asserted against all of the Debtors that such Agent asserts are liable thereon (rather than a separate proof of claim against each such Debtor), provided that such single proof of claim clearly identifies each such Debtor.

4. **WHEN AND WHERE TO FILE**

Except as provided for herein, proofs of claim must be filed so as to be received on or before 5:00 p.m., prevailing Eastern Time, on August 16, 2006 at the following address (the "Northwest Claims Docketing Center"):

| **IF SENT BY MAIL** | **IF SENT BY MESSENGER OR OVERNIGHT COURIER** |
|---|---|
| United States Bankruptcy Court | Office of the Clerk of the United States Bankruptcy Court |
| Southern District of New York | Southern District of New York |
| Attn: Northwest Airlines Claims Processing | Re: Northwest Airlines Claims Processing |
| Bowling Green Station, P.O. Box 5005 | One Bowling Green |
| New York, New York 10274-5005 | New York, New York 10004 |

Note that proofs of claim will be deemed timely filed only if **actually received** by the Northwest Claims Docketing Center on or before the Bar Date. **Proofs of claim may not be delivered by facsimile or telecopy.**

5. **WHAT TO FILE**

If you file a proof of claim, your filed proof of claim must (i) be written in the English language; (ii) be denominated in lawful currency of the United States as of the Petition Date; (iii) conform substantially with the proof of claim form tailored for these cases or Official Form No. 10; and (iv) be executed by the individual to whom service of any papers relating to such claim shall be directed.

The filed proof of claim must indicate the Debtor(s) against which you assert your claim. If you assert the same claim against more than one of the above-captioned debtors, you should file a separate proof of claim against each of the Debtors against which such claims are asserted. Additionally, if you assert different claims based on different facts and circumstances against different Debtors, you should also complete separate proofs of claim.

YOU SHOULD ATTACH TO YOUR COMPLETED PROOF OF CLAIM FORM COPIES OF ANY WRITINGS UPON WHICH SUCH CLAIM IS BASED.

EXCEPT WITH RESPECT TO CLAIMS OF THE TYPE SET FORTH IN SECTIONS 2 AND 3 ABOVE, ANY CREDITOR WHO FAILS TO FILE A PROOF OF CLAIM ON OR BEFORE AUGUST 16, 2006 FOR ANY CLAIM SUCH CREDITOR HOLDS OR WISHES TO ASSERT AGAINST THE DEBTORS WILL BE BARRED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS AND SUCH CREDITOR SHALL NOT BE PERMITTED TO VOTE ON ANY CHAPTER 11 PLAN OR PARTICIPATE IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM OR TO RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

Any proof of claim previously properly filed with the Clerk of the Bankruptcy Court prior to the mailing of this notice shall be deemed to be and shall be treated as a properly filed claim subject to the right of the Debtors or any party in interest to object to the allowance thereof. No additional proof of claim is required.

A copy of the proof of claim form tailored to these cases can be obtained on-line from www.nwa-restructuring.com, Northwest's restructuring website.

6. **THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against the Debtors in the Debtors' Statements of Financial Affairs, Schedules of Assets and Liabilities and Schedules of Executory Contracts and Unexpired Leases (collectively, as may be amended, the "Debtors' Schedules"). If you wish to ascertain the treatment of your claim in the Debtors' Schedules, you may access them on-line at www.nwa-restructuring.com or contact the Debtors' claims agent, Bankruptcy Services, LLC at (866) 215-0768. Copies of the Debtors' Schedules and the Bar Date Order may also be examined at the Bankruptcy Court's website at https://ecf.nysb.uscourts.gov/ (for those with a valid PACER account) or at the Office of the Clerk of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York, Monday through Friday, from 9:00 a.m. to [illegible] p.m.

Bankruptcy Services, LLC may be contacted at (866) 215-0768 for assistance if there are any questions concerning the filing or processing of a proof of claim.

A CLAIMANT SHOULD CONSULT AN ATTORNEY REGARDING ANY OTHER INQUIRIES, SUCH AS WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM.

7. **DEBTOR NAME, CASE NUMBER & TRADE NAMES**

**Northwest Airlines Corporation ("NWA Corp."), Case No. 05-17930; NWA Fuel Services Corporation ("NFS"), Case No. 05-17925; Northwest Airlines Holdings Corporation ("Holdings"), Case No. 05-17938; NWA Inc. ("NWA Inc."), Case No. 05-17940; Northwest Aerospace Training Corp. ("NATCO"), Case No. 05-17944; Northwest Airlines, Inc. ("Northwest Airlines"), Case No. 05-17933; MLT Inc. ("MLT"), Case No. 05-17948; Compass Airlines, Inc. f/k/a Northwest Airlines Cargo, Inc. ("Compass" f/k/a "Cargo"), Case No. 05-17949; NWA Retail Sales Inc. ("NWA Retail"), Case No. 05-17950; Montana Enterprises, Inc. ("Montana"), Case No. 05-17952; NW Red Baron LLC ("Red Baron"), Case No. 05-17953; Aircraft Foreign Sales, Inc. ("Foreign Sales"), Case No. 05-17955; NWA WorldClub, Inc. ("WorldClub"), Case No. 05-17956; NWA Aircraft Finance, Inc. ("Aircraft Finance"), Case No. 05-19287.**

All creditors and other parties in interest are referred to the text of the Bar Date Order itself and to the Bankruptcy Code, Bankruptcy Rules and Local Bankruptcy Rules for additional information regarding the filing and treatment of proofs of claim and should consult with their own legal advisors.

New York, New York    June 27, 2006

CADWALADER, WICKERSHAM & TAFT LLP

| | |
|---|---|
| Bruce R. Zirinsky (BZ 2990) | Mark C. Ellenberg (ME 6927) |
| Gregory M. Petrick (GP 2175) | 1201 F Street N.W., Suite 1100 |
| Nathan A. Haynes (NH 4955) | Washington, D.C. 20004 |
| One World Financial Center | Telephone: (202) 862-2200 |
| New York, New York 10281 | Facsimile: (202) 862-2400 |
| Telephone: (212) 504-6000 | |
| Facsimile: (212) 504-6666 | |

ATTORNEYS FOR DEBTORS AND DEBTORS IN POSSESSION

# EXHIBIT E

STATE OF MINNESOTA   )
                     )ss.                    **AFFIDAVIT OF PUBLICATION**
COUNTY OF HENNEPIN   )

<u>Linda St. Clair</u>, being duly sworn, on oath says  She is and during all times herein stated has been an employee of the Star Tribune, a subsidiary of McClatchy Company, 425 Portland Avenue, Minneapolis, Minnesota 55488, publisher and printer of the Star Tribune newspaper (the "Newspaper"), published 7 days a week, and has full knowledge of the facts herein stated as follows:

   1.. (a)   The Newspaper is printed in the English language in newspaper format and in column and sheet form equivalent in printed space to at least 1,000 square inches;

       (b)   The Newspaper is printed daily and distributed at least five days each week;

       (c)   In at least half of its issues each year, the Newspaper has no more than 75 percent of its printed space comprised of advertising material and paid public notices.  In all of its issues each year, the Newspaper has not less than 25 percent of its news columns devoted to news of local interest to the community which it purports to serve.  Not more than 25 percent of the Newspaper's non-advertising column inches in any issue duplicates any other publication;

       (d)   The Newspaper is circulated in the local public corporation which it purports to serve, and has at least 500 copies regularly delivered to paying subscribers;

       (e)   The Newspaper has its known office of issue established in either the county in which it lies, in whole or in part, the local public corporation which the Newspaper purports to serve, or in an adjoining county;

       (f)   The Newspaper files a copy of each issue immediately with the state historical society;

       (g)   The Newspaper is made available at single or subscription prices to any person, corporation, partnership, or other unincorporated association requesting the Newspaper and making the applicable payment;

       (h)   The Newspaper has complied with all the foregoing conditions for at least one year immediately preceding the date of the notice publication which is the subject of the Affidavit; and

       (i)   Between September 1 and December 31 of each year, the Newspaper publishes and submits to the secretary of state, along with a filing fee of $25, a sworn United States Post Office periodical class statement of ownership and circulation.

  2.   The printed copy of the matter attached hereto (the "Notice") was cut from the columns of the Newspaper and was printed and published in the English language, on the following days and dates: <u>**Wednesday, June 28, 2006.**</u>

  3.   Except as otherwise directed by a particular statute requiring publication of a public notice, the Notice was printed in a type face no smaller than six point with a lowercase alphabet of 90 point.

  4.   The fees for publication are as follows:

       (a)   The maximum rate currently allowed by law for publication of a public notice in the Newspaper is $<u>4.75;</u>

       (b)   The lowest classified rate currently paid by commercial users for comparable space in the Newspaper is $<u>8.59</u>; and;

       (c)   The rate actually charged for publication of the Notice was $<u>2,949.75</u>

*Linda St Clair*

Subscribed and sworn to before me
on July 3, 2006

*Wilma Finn*

Notary Public

WILMA L. FINN
NOTARY PUBLIC- MINNESOTA
MY COMMISSION EXPIRES 1-31-2010





# EXHIBIT F

# AFFIDAVIT OF DISTRIBUTION

STATE OF _TN_ )

COUNTY OF _Shelby_ )

CITY OF _Memphis_ )

I, _Lucianne Uffner_, being duly sworn on oath now and during all times herein stated, have been the publisher and designated agent of the publication known as,

_The Commercial Appeal_ ("Publication")

and have full knowledge of the facts herein stated as follows:

The ~~insert~~ Ad for _Northwest Airlines_ (_Legal Notice_) ("Ad/Advertiser") with Insertion Order No. _947319901_ was distributed to the Publication's full circulation on the _28th_ day of _June_, 200_6_

By: _Lucianne Uffner_

Subscribed and sworn to before me this _27th_ day of _July_, 200_6_

_____
Notary Public

MY COMMISSION EXPIRES NOV. 30, 2008

Notary Seal:

KAY C. PRIVETT
STATE OF TENNESSEE
NOTARY PUBLIC
SHELBY COUNTY





# EXHIBIT G

# *PUBLICITAS NORTH AMERICA*

*261 Madison Avenue, 7TH Floor*
*New York, NY 10016*
*Tel. (212) 599-5057  Fax (212) 599-8298*

*July 6, 2006*

**PORTE ADVERTISING**
**PAUL MESCHES**
**57 WEST 38TH STREET**
**NEW YORK, N.Y. 10018**

## *RE: BANKRUPTCY SERVICES*

*To whom it may concern:*

*In our capacity as exclusive U.S. representative for the publication, **DE TELEGRAAF**, we confirm the insertion on **28 JUN 06** of an advertisement entitled **Re: NORTHWEST AIRLINES** on behalf of the above listed client.*

*PUBLICITAS/NORTH AMERICA*

*James Allen*
*Traffic Coordinator*

**IITED STATES BANKRUPTCY COURT**
**UTHERN DISTRICT OF NEW YORK [Faillissementsrechtbank te New York]**

| | |
|---|---|
| ref: | Chapter 11 |
| IRTHWEST AIRLINES CORPORATION, | Zaaknummer 05-17930 (ALG) |
| VA FUEL SERVICES CORPORATION, | Zaaknummer 05-17925 ALG) |
| IRTHWEST AIRLINES HOLDINGS CORPORATION, | Zaaknummer 05-17938 (ALG) |
| VA INC., | Zaaknummer 05-17940 (ALG) |
| IRTHWEST AEROSPACE TRAINING CORP., | Zaaknummer 05-17944 (ALG) |
| IRTHWEST AIRLINES, INC., | Zaaknummer 05-17933 (ALG) |
| VA AIRCRAFT FINANCE, INC., | Zaaknummer 05-19287 (ALG) |
| .T INC., | Zaaknummer 05-17948 (ALG) |
| IMPASS AIRLINES, INC. F/K/A NORTHWEST AIRLINES CARGO, INC., | Zaaknummer 05-17949 (ALG) |
| VA RETAIL SALES INC., | Zaaknummer 05-17950 (ALG) |
| INTANA ENTERPRISES, INC., | Zaaknummer 05-17952 (ALG) |
| Y RED BARON LLC, | Zaaknummer 05-17953 (ALG) |
| RCRAFT FOREIGN SALES, INC. EN | Zaaknummer 05-17955 (ALG) |
| VA WORLDCLUB, INC., | Zaaknummer 05-17956 (ALG) |
| Schuldenaars. | Gezamenlijk behandeld |

**BERICHT VAN BAR DATE (ROLDATUM) WAAROP UITERLIJK BEWIJS VAN VORDERING INGEDIEND MOET WORDEN OP OF VOOR 16 AUGUSTUS 2006 OM 17.00 UUR EASTERN TIME (GMT -4)**

AAN ALLE PERSONEN EN INSTANTIES MET VORDERINGEN TEGEN EEN VAN DE BOVEN VERMELDE SCHULDENAARS (die opgesomd worden in paragraaf 7 hieronder):

DIT IS EEN KENNISGEVING DAT op 19 mei 2006, de Rechtbank een uitspraak heeft gedaan (als gewijzigd bij besluit gedateerd 22 mei 2006, de "Bar Date Order") waarin werd bepaald 16 augustus 2006 om 17.00 uur Eastern Time (GMT-4) (de "Bar Date"), de uiterste datum en tijd is waarop bewijzen van vorderingen ingediend kunnen worden tegen NORTHWEST [AIRL]INES CORPORATION ("NWA Corp."), NWA Fuel Services Corporation ("NFS"), Northwest Airlines Holdings Corporation ("Holdings"), NWA Inc. ("NWA Inc."), Northwest Aerospace [Train]ing Corp. ("NATCO"), Northwest Airlines, Inc. ("Northwest Airlines"), NWA Aircraft Finance, Inc. ("Aircraft Finance"), MLT Inc. ("MLT"), Compass Airlines, Inc. e/b/a Northwest Airlines [Carg]o, Inc. ("Compass" e/b/a "Cargo"), NWA Retail Sales Inc. ("NWA Retail"), Montana Enterprises, Inc. ("Montana"), NW Red Baron LLC ("Red Baron") en Aircraft Foreign Sales ("Foreign [Sale]s") and NWA WorldClub, Inc. ("WorldClub") (tezamen de "Schuldenaars" genoemd). Een lijst van de Schuldenaars, met hun huidige of voormalige handelsnamen, wordt hieronder [verm]eld. De Bar Date en de procedures als hieronder uiteengezet voor het indienen van bewijzen van vorderingen zijn van toepassing op alle vorderingen tegen de Schuldenaars die zijn [ontst]aan op of vóór 14 september 2005.

1. WIE MOET EEN BEWIJS VAN VORDERING INDIENEN

U MOET een bewijs van vordering indienen als u een vordering hebt die ontstaan is op of vóór 14 september 2005 (de "Petition Date") en die niet van het type vordering is als beschreven staat in paragraaf 2 hieronder. Handelingen of nalatigheden van de Schuldenaars die ontstaan zijn op of vóór de Petition Date kunnen aanleiding geven tot vorderingen tegen de Schuldenaars niettegenstaande het feit dat zulke vorderingen niet vervallen hoefden te zijn of vastgesteld of geliquideerd werden vóór deze datum.

Onder paragraaf 101(5) van de Bankruptcy Code (Faillissementswet) en indien hierin gebruikt, betekent het woord "vordering": (a) recht op betaling, al dan niet of een dergelijk recht is verminderd door een uitspraak of geliquideerd, niet geliquideerd, vastgesteld, accessoir, vervallen, niet vervallen, betwist, onbetwist, juridisch, billijk, gedekt of ongedekt is; of (b) een recht op een billijke oplossing voor wanprestatie als een dergelijke wanprestatie leidt tot een recht op betaling, al dan niet of een dergelijk recht op een billijke oplossing verminderd is door een uitspraak of vastgesteld, accessoir, vervallen, niet vervallen, betwist, onbetwist, juridisch, billijk, gedekt of ongedekt is.

2. WIE MOET GEEN BEWIJS VAN VORDERING INDIENEN

U moet geen bewijs van vordering indienen als:

a. U uw bewijs van vordering tegen de Schuldenaars reeds op de juiste manier hebt ingediend, bij de Griffier van de United States Bankruptcy Court for the Southern District of New York, door middel van een claimformulier dat goeddeels voldoet aan het formulier voor bewijs van vordering dat voor deze gevallen ontworpen is of het officiële formulier onder nummer 10 (Official Form No. 10);
b. Uw vordering vermeld staat op de Debtors' Schedules (Staat van de Schuldenaren) (als hieronder omschreven), niet beschreven staat als "betwist", "accessoir" of "niet geliquideerd," en u het bedrag, de aard en de preferentie van uw vordering niet betwist zoals uiteengezet in de Debtors' Schedules en u niet betwist dat uw vordering een verplichting is van de specifieke Schuldenaar tegen wie de vordering vermeld staat op de Schedules;
c. U een vordering hebt onder de paragrafen 503, 507(a), 330(a), 331 of 364 van de Bankruptcy Code als administratieve onkosten van de zaken onder Chapter 11 van de Schuldenaars;
d. Uw vordering al door de Schuldenaars is voldaan;
e. U momenteel directeur, bestuurder of werknemer van de Schuldenaars bent, in de mate dat uw vordering bij de Schuldenaars dient voor schadeloosstelling, heffing, subrogatie of vergoeding;
f. U een Schuldenaar in deze zaken bent en u een vordering hebt op een andere Schuldenaar;
g. U een professional bent wiens retentie in deze Chapter 11-zaken goedgekeurd is door de Rechtbank;
h. U een vordering hebt die is toegestaan door een beschikking van de Rechtbank geregistreerd op of voor de Bar Date;
i. U in het bezit bent van effecten van de Schuldenaars. Echter, elke houder van effecten die enig recht als crediteur op de boedel van de Schuldenaars doet gelden, waaronder een vordering voortkomende uit intrekking van een aankoop of verkoop van effecten van een Schuldenaar of een aanverwant bedrijf van een Schuldenaar of voor schades voortkomende uit de aankoop of verkoop van dergelijke effecten, moet een bewijs van vordering op de boedel van de Schuldenaars indienen op of voor de Bar Date; of
j. U een huidige of voormalige werknemer van een van de Schuldenaars bent wiens dienstbetrekking onderworpen is aan de voorwaarden van een collectieve arbeidsovereenkomst (en, met betrekking tot uitkeringsvorderingen, de echtgenoot of begunstigde daarvan) en vakbonden die optreden als vertegenwoordigers van dergelijke werknemers uitsluitend met betrekking tot vorderingen gebaseerd op de betaling van lonen, salarissen en uitkeringen waarvoor de Rechtbank goedkeuring van betaling verleend heeft onder de 'First Day Wage and Benefit Order', goedgekeurd door de Rechtbank op 15 september 2005. U dient geen vordering voor dergelijke bedragen in te dienen, tenzij de Schuldenaars een schriftelijk bericht aan u en uw vakbond hebben gestuurd dat zij niet van plan zijn een dergelijke vordering te betalen, in welk geval u tot (i) de Bar Date of (ii) 30 dagen na de datum van het schriftelijke bericht, welke zich het laatste voordoet, hebt om een bewijs van vordering in te dienen. Niettegenstaande het voorgaande, dienen ofwel de werknemers (huidig of voormalig) of hun vakbonden vorderingen in te dienen met betrekking tot klachten vóór de Bar Date in de mate dat de gronden voor dergelijke klachten ontstaan zijn op of vóór 14 september 2005, onder voorbehoud echter dat vakbonden een vordering, waarin dergelijke klachten namens hun respectievelijke leden opgesomd zijn, kunnen indienen.

U DIENT GEEN BEWIJS VAN VORDERING IN TE DIENEN ALS U GEEN VORDERING HEBT TEGEN DE SCHULDENAARS OF ALS DE VORDERING DIE U HAD OP DE PETITION DATE VOLDAAN IS.

SPECIALE VORDERINGEN

Voor vorderingen die voortkomen uit verwerping van contingente contracten of nog niet verlopen huurovereenkomsten ingevolge paragraaf 365 van de Bankruptcy Code, is de laatste dag waarop een bewijs van vordering ingediend kan worden (i) de Bar Date of (ii) de eerste werkdag die ten minste dertig (30) kalenderdagen na de inschrijving van de beschikking is waarmee de afwijzing geautoriseerd werd, welke van de twee als laatste komt.

Voor vorderingen die voortkomen uit invordering door de Schuldenaar(s) van onroerende goederen aan u overgedragen door de Schuldenaar(s) op of vóór de Petition Date als een vernietigbare overdracht, is de laatste dag waarop een bewijs van vordering kan worden ingediend (i) de Bar Date of (ii) de eerste werkdag die ten minste dertig (30) kalenderdagen na de inschrijving van een beschikking of arrest om overdracht te voorkomen, welke van de twee later is.

Voor vorderingen die voortkomen uit het vaststellen van bepaalde belastingen als beschreven in paragraaf 502(i) van de Bankruptcy Code, is de laatste dag waarop een bewijs van vordering ingediend kan worden (i) de Bar Date of (ii) de eerste werkdag die ten minste dertig (30) kalenderdagen is na de datum waarop de ter zake dienende vordering ontstaan is, welke van de twee het laatste is.

Voor vorderingen gehandhaafd door een medeschuldenaar, borg of garantiegever die ingediend kunnen worden onder paragraaf 501(b) van de Bankruptcy Code, is de laatste dag dat een bewijs van vordering ingediend kan worden 15 september 2006.

Ingevolge Bankruptcy Rule 3002(c)(1) is de laatste datum en tijd voor het indienen van bewijzen van vordering door overheidsinstellingen (als gedefinieerd in paragraaf 101(27) van de Bankruptcy Code) 16 augustus 2006 om 17.00 uur Eastern Time (GMT-4).

De Bar Date Order stelt geen uiterste termijn voor de betaling van administratieve onkosten die voortvloeien uit paragrafen 503, 507(a)(1), 507(b), 330(a), 331 of 364 van de Bankruptcy Code.

Waar er een indenture trustee onder een van toepassing zijnde indenture overeenkomst is, hoeven instanties wier vorderingen uitsluitend beperkt zijn tot vorderingen van kapitaal en rente onder de obligaties van een van de Schuldenaars geen bewijs van vordering in te dienen; met dien verstande dat de van toepassing zijnde indenture trustee onder de van toepassing zijnde indenture overeenkomst een bewijs van vordering zal moeten indienen. In de mate dat een indenture trustee of een obligatiehouder een vordering handhaaft die voortvloeit uit of gerelateerd is aan een schuldbrief, anders dan een vordering voor terugbetaling van het kapitaal en rente onder dergelijke obligaties, zal een dergelijke partij een bewijs van vordering in moeten dienen op of vóór de Bar Date.

Daar waar een of meer gevolmachtigden ("Agents") onder een lening of kredietovereenkomst bestaan in welk opzicht een Schuldenaar een geldnemer, garantiegever of anderszins contractueel verbonden is, hoeven entiteiten die vorderingen hebben voor wat betreft kapitaal, rente, kosten, uitgaven en andere bedragen die onder of in relatie tot een dergelijke lening of kredietovereenkomst (hierna samen genoemd, "Credit Agreement Claims") verschuldigd zijn, geen bewijs van vordering met betrekking tot dergelijke Credit Agreement Claims in te dienen; met dien verstande dat een dergelijke administratieve Agent (of als er geen administratieve Agent is, een Agent die voor een dergelijk doel is aangewezen) een bewijs van vordering moet indienen voor wat betreft alle dergelijke Credit Agreement Claims. In de mate dat elke houder van een Credit Agreement Claim een vordering handhaaft tegen een Schuldenaar anders dan een Credit Agreement Claim, zal een dergelijke houder een bewijs van vordering moeten indienen op of vóór de Bar Date voor wat betreft een dergelijke andere vordering. Elke Agent kan, met betrekking tot het bewijs of de bewijzen van vordering die gedeponeerd zijn conform het voorgaande, (i) de bijlage van kopieën van enige prepetitie leninggerelateerde documenten weglaten (maar zal deze direct aan de raadsman van de Schuldenaars overhandigen indien hierom door een dergelijke raadsman wordt verzocht) en (ii) een enkel bewijs van vordering indienen waarin de gestelde vorderingen bij alle Schuldenaars waarvan dergelijke Agent stelt dat zij aansprakelijk zijn (in plaats van een apart bewijs van vordering bij elke afzonderlijke Schuldenaar), mits een dergelijk apart bewijs van vordering duidelijk elke afzonderlijke Schuldenaar aanwijst.

WANNEER EN WAAR INDIENEN

Behalve zoals hierin voorzien, dienen bewijzen van vordering zodanig te worden ingediend dat ze op of vóór 17.00 uur Eastern Time (GMT-4) op 16 augustus 2006, op het [volgen]de adres (de "Northwest Claims Docketing Center") ontvangen worden:

| [INDIE]N VERZONDEN PER POST | INDIEN VERZONDEN VIA EEN KOERIER OF VIERENTWINTIGUURSKOERIER |
|---|---|
| [Unite]d States Bankruptcy Court | Office of the Clerk of the United States Bankruptcy Court |
| [Sout]hern District of New York | Southern District of New York |
| [Re:] Northwest Airlines Claims Processing | Re: Northwest Airlines Claims Processing |
| [Bowl]ing Green Station, P.O. Box 5005 | One Bowling Green, New York, New York 10004, Verenigde Staten |
| [New] York, New York 10274-5005, Verenigde Staten | |

Let op dat bewijzen van vordering alleen verondersteld zullen worden tijdig ingediend te zijn als ze daadwerkelijk ontvangen zijn door het Northwest Claims Docketing [Cente]r op of vóór de Bar Date. Bewijzen van vordering kunnen niet ingediend worden via fax of telecopy.

5. WAT IN TE DIENEN

Indien u een bewijs van vordering indient, moet uw ingediende bewijs van vordering (i) geschreven zijn in de Engelse taal, (ii) gegeven zijn in de wettige munteenheid van de Verenigde Staten vanaf de Petition Date, (iii) voor het overgrote deel overeenkomen met het formulier voor bewijs van vordering als gemaakt voor deze zaken of Official Form No. 10; en (iv) uitgevoerd worden door de persoon aan wie de betekening van dergelijke stukken met betrekking tot dergelijke vordering verzonden dienen te worden.

Het ingediende bewijs van vordering moet aangeven tegen welke Schuldenaar(s) u uw vordering instelt. Indien u dezelfde vordering instelt tegen meer dan een van de bovengenoemde schuldenaars, dient u een apart bewijs van vordering in te dienen tegen elk van de Schuldenaars tegen wie dergelijke vorderingen ingesteld worden. Bovendien dient u, als u verschillende vorderingen instelt, gebaseerd op verschillende feiten en omstandigheden, tegen verschillende Schuldenaars, ook aparte bewijzen van vordering in te vullen.

U DIENT KOPIEËN VAN ALLE SCHRIFTELIJKE BEWIJSSTUKKEN WAAROP EEN DERGELIJKE VORDERING GEBASEERD IS, TE HECHTEN AAN UW INGEVULDE BEWIJS VAN VORDERING.

BEHALVE MET BETREKKING TOT VORDERINGEN VAN HET SOORT ALS UITEENGEZET IN PARAGRAFEN 2 EN 3 HIERBOVEN, ZAL ELKE CREDITEUR DIE NALAAT EEN BEWIJS VAN VORDERING IN TE DIENEN OP OF VÓÓR 16 AUGUSTUS 2006 VOOR DERGELIJKE VORDERING DIE DERGELIJKE CREDITEUR INSTELT OF WENST IN TE STELLEN TEGEN DE SCHULDENAARS BELET WORDEN EEN DERGELIJKE VORDERING TEGEN DE SCHULDENAARS IN TE DIENEN, EN DERGELIJKE HOUDER ZAL NIET TOEGESTAAN WORDEN OM TE STEMMEN OVER ENIGE CHAPTER 11-ZAAK OF DEEL TE NEMEN AAN ENIGE BETALING IN DEZE CHAPTER 11-ZAKEN MET BETREKKING TOT EEN DERGELIJKE VORDERING, OF VERDERE BERICHTGEVING MET BETREKKING TOT EEN DERGELIJKE VORDERING TE ONTVANGEN.

Elk bewijs van vordering dat eerder op de juiste wijze is ingediend bij de Griffier van de Bankruptcy Court vóór het ter post brengen van dit bericht zal verondersteld en behandeld worden als een op de juiste wijze ingediende vordering op de boedel van de Schuldenaars of enige andere belanghebbende partij met betrekking tot verweer tegen de goedkeuring daarvan.

Er is geen verder bewijs van vordering vereist. Een kopie van het formulier van het bewijs van vordering dat voor deze zaken gemaakt is kan online verkregen worden op www.nwa-restructuring.com, de reorganisatiewebsite van Northwest.

DE DEBTORS' SCHEDULES EN TOEGANG DAARTOE

U kunt vermeld worden als de houder van een vordering op de Schuldenaars in de Statements of Financial Affairs van de Schuldenaars, Schedules van Assets and Liabilities en de Schedules of Executory Contracts and Unexpired Leases (gezamenlijk genoemd, maar dit kan aangepast worden, de "Debtors' Schedules"). Indien u de behandeling van uw vordering wilt inzien in de Debtors' Schedules, kunt u deze online raadplegen op www.nwa-restructuring.com of door contact op te nemen met de Claims Agent van de Schuldenaars, Bankruptcy Services, LLC op +1-866-715-0768.

Kopieën van de Debtors' Schedules en de Bar Date-Order kunnen ook ingezien worden op de website van de Bankruptcy Court op https://ecf.nysb.uscourts.gov/ (voor diegenen met een geldige PACER-account) of op het Bureau van de Griffier van de United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, Verenigde Staten, van maandag tot en met vrijdag, van 9.00 tot 16.30 uur.

U kunt contact opnemen met Bankruptcy Services, LLC op het telefoonnummer +1-866-715-0768 voor verdere hulp als u vragen hebt met betrekking tot het indienen of de verwerking van een bewijs van vordering.

EEN RECHTHEBBENDE DIENT EEN ADVOCAAT TE RAADPLEGEN MET BETREKKING TOT EVENTUELE ANDERE VRAGEN, ZOALS OF EEN DERGELIJKE RECHTHEBBENDE EEN BEWIJS VAN VORDERING MOET INDIENEN.

NAAM SCHULDENAAR, ZAAKNUMMER & HANDELSNAMEN

NORTHWEST AIRLINES CORPORATION ("NWA Corp") – Zaaknummer 05-17930; NWA Fuel Services Corporation ("NFS") - Zaaknummer 05-17925; Northwest Airlines Holdings Corporation ("Holdings") - Zaaknummer 05-17938; NWA Inc. ("NWA Inc.") - Zaaknummer 05-17940; Northwest Aerospace Training Corp. ("NATCO") - Zaaknummer 05-17944; Northwest Airlines, Inc. ("Northwest Airlines") - Zaaknummer 05-17933; MLT Inc. ("MLT") - Zaaknummer 05-17948; Compass Airlines, Inc. e/b/a Northwest Airlines Cargo, Inc. ("Compass" e/b/a "Cargo") - Zaaknummer 05-17949; NWA Retail Sales Inc. ("NWA Detailhandel") - Zaaknummer 05-17950; Montana Enterprises, Inc. ("Montana") - Zaaknummer 05-17952; NW Red Baron LLC ("Red Baron") - Zaaknummer 05-17953; Aircraft Foreign Sales, Inc. ("Foreign Sales") - Zaaknummer 05-17955; NWA Worldclub, Inc. ("WorldClub") - Zaaknummer 05-17956; NWA Aircraft Finance, Inc. ("Aircraft Finance") - Zaaknummer 05-19287

[Cre]diteuren en andere betrokken partijen worden verwezen naar de tekst van de Bar Date Order zelf en naar de Bankruptcy Code, Bankruptcy Rules en Local Bankruptcy Rules voor [aanvul]lende informatie met betrekking tot het indienen en de behandeling van bewijzen van vordering en dienen hun eigen juridische adviseurs om advies te vragen.

[New Yo]rk, New York 27 juni 2006

CADWALADER, WICKERSHAM & TAFT LLP

[Bruce] R. Zirinsky (BZ 2990)
[Greg]ory M. Petrick (GP 2175)
[Nathan]A. Haynes (NH 4955)
[One Wor]ld Financial Center
[New Yor]k, New York 10281
[Telefo]on: +1-212-504-6000
[Fax:] +1-212-504-6666

- en -

Mark C. Ellenberg (ME 6927)
1201 F Street N.W., Suite 1100
Washington, DC 20004
Telefoon: +1-202-862-2200
Fax: +1-202-862-2400

ADVOCATEN VOOR DE SCHULDENAARS EN SCHULDENAARS IN TITEL

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| NORTHWEST AIRLINES CORPORATION, | : | Case No. 05-17930 (ALG) |
| NWA FUEL SERVICES CORPORATION, | : | Case No. 05-17925 (ALG) |
| NORTHWEST AIRLINES HOLDINGS CORPORATION, | : | Case No. 05-17938 (ALG) |
| NWA INC., | : | Case No. 05-17940 (ALG) |
| NORTHWEST AEROSPACE TRAINING CORP., | : | Case No. 05-17944 (ALG) |
| NORTHWEST AIRLINES, INC., | : | Case No. 05-17933 (ALG) |
| NWA AIRCRAFT FINANCE, INC., | : | Case No. 05-19287 (ALG) |
| MLT INC., | : | Case No. 05-17948 (ALG) |
| COMPASS AIRLINES, INC. F/K/A NORTHWEST AIRLINES CARGO, INC., | : | Case No. 05-17949 (ALG) |
| NWA RETAIL SALES INC., | : | Case No. 05-17950 (ALG) |
| MONTANA ENTERPRISES, INC., | : | Case No. 05-17952 (ALG) |
| NW RED BARON LLC, | : | Case No. 05-17953 (ALG) |
| AIRCRAFT FOREIGN SALES, INC. AND | : | Case No. 05-17955 (ALG) |
| NWA WORLDCLUB, INC., | : | Case No. 05-17956 (ALG) |
| Debtors. | : | Jointly Administered |

**NOTICE OF BAR DATE REQUIRING FILING OF PROOFS OF CLAIM ON OR BEFORE AUGUST 16, 2006 AT 5:00 P.M. PREVAILING EASTERN TIME**

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE ABOVE-CAPTIONED DEBTOR ENTITIES (which are listed in Paragraph 7 below):

PLEASE TAKE NOTICE THAT on May 19, 2006, the Court entered an order (as amended by order dated May 22, 2006, the "Bar Date Order") establishing August 16, 2006 at 5:00 p.m. prevailing Eastern Time (the "Bar Date"), as the last date and time for the filing of proofs of claim against Northwest Airlines Corporation ("NWA Corp."), NWA Fuel Services Corporation ("NFS"), Northwest Airlines Holdings Corporation ("Holdings"), NWA Inc. ("NWA Inc."), Northwest Aerospace Training Corp. ("NATCO"), Northwest Airlines, Inc. ("Northwest Airlines"), NWA Aircraft Finance, Inc. ("Aircraft Finance"), MLT Inc. ("MLT"), Compass Airlines, Inc. f/k/a Northwest Airlines Cargo, Inc. ("Compass" f/k/a "Cargo"), NWA Retail Sales Inc. ("NWA Retail"), Montana Enterprises, Inc. ("Montana"), NW Red Baron LLC ("Red Baron"), Aircraft Foreign Sales, Inc. ("Foreign Sales") and NWA WorldClub, Inc. ("WorldClub") (collectively, the "Debtors"). A list of the Debtors, including their current or former trade names, is set forth below. The Bar Date and the procedures set forth below for the filing of proofs of claim apply to all claims against the Debtors that arose on or prior to September 14, 2005.

1. **WHO MUST FILE A PROOF OF CLAIM**

You MUST file a proof of claim if you have a claim that arose on or prior to September 14, 2005 (the "Petition Date"), and it is not one of the types of claims set forth in section 2 below. Acts or omissions of the Debtors that arose on or before the Petition Date may give rise to claims against the Debtors notwithstanding that such claims may not have matured or become fixed or liquidated prior to such date.

Under section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means: (a) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

2. **WHO SHOULD NOT FILE A PROOF OF CLAIM**

You should not file a proof of claim if:

a. You have already properly filed, with the Clerk of the United States Bankruptcy Court for the Southern District of New York, a proof of claim against the Debtors utilizing a claim form which substantially conforms to the proof of claim form tailored for these cases or Official Form No. 10;
b. Your claim is listed on the Debtors' Schedules (as defined below), is not described as "disputed," "contingent," or "unliquidated," and you do not dispute the amount, nature and priority of your claim as set forth in the Debtors' Schedules and you do not dispute that your claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;
c. You have a claim under sections 503, 507(a), 330(a), 331 or 364 of the Bankruptcy Code as an administrative expense of the Debtors' chapter 11 cases;
d. Your claim has already been paid by the Debtors;
e. You are a current director, officer or employee of the Debtors, to the extent that your claim against the Debtors is for indemnification, contribution, subrogation or reimbursement;
f. You are a Debtor in these cases and you have a claim against another Debtor;
g. You are a professional whose retention in these chapter 11 cases has been approved by the Court;
h. You hold a claim that has been allowed by an order of the Court entered on or before the Bar Date;
i. You hold any equity securities of the Debtors. However, any equity security holder asserting any rights as a creditor of any of the Debtors' estates, including a claim arising from rescission of a purchase or sale of a security of a Debtor or an affiliate of a Debtor or for damages arising from the purchase or sale of such a security, shall be required to file a proof of claim against the Debtors' estates on or before the Bar Date; or
j. You are a present or former employee of one of the Debtors whose employment is subject to the terms of a collective bargaining agreement (and, with respect to benefit claims, any spouse or beneficiary thereof) and labor unions representing such employees solely with respect to any Claim based on the payment of wages, salaries, and benefits authorized to be paid by order of the Court under the first day wage and benefit order approved by the Court on September 15, 2005. You need not file a claim for such amounts, unless the Debtors have provided written notice to you and your union that they do not intend to pay such Claim, in which case you shall have until the later of (i) the Bar Date or (ii) 30 days from the date of written notice, to file a Proof of Claim. Notwithstanding the foregoing, either employees (present or former) or their labor unions must file claims relating to grievances prior to the Bar Date to the extent the grounds for such grievances arose on or prior to September 14, 2005, provided however that labor unions may file a claim itemizing such grievances on behalf of their respective members.

YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS, OR IF THE CLAIM YOU HELD ON THE PETITION DATE HAS BEEN PAID.

3. **SPECIAL CLAIMS**

For claims arising from rejection of executory contracts or unexpired leases pursuant to section 365 of the Bankruptcy Code, the last day to file a proof of claim is the later of (i) the Bar Date or (ii) the first business day that is at least thirty (30) calendar days after the entry of the order authorizing rejection.

For claims arising from recovery by the Debtor(s) of estate property transferred to you by the Debtor(s) on or prior to the Petition Date as a voidable transfer, the last day to file a proof of claim is the later of (i) the Bar Date or (ii) the first business day that is at least thirty (30) calendar days after entry of an order or judgment avoiding a transfer.

For claims arising from the assessment of certain taxes as described in section 502(i) of the Bankruptcy Code, the last day to file a proof of claim is the later of (i) the Bar Date or (ii) the first business day that is at least thirty (30) calendar days after the date the relevant tax claim arises.

For claims asserted by a co-debtor, surety or guarantor that may be filed under section 501(b) of the Bankruptcy Code, the last day to file a proof of claim is September 15, 2006.

Pursuant to Bankruptcy Rule 3002(c)(1), the last date and time for filing proofs of claim by governmental units (as defined in section 101(27) of the Bankruptcy Code) is August 16, 2006 at 5:00 p.m. prevailing Eastern Time.

The Bar Date Order does not establish any deadline for the payment of administrative expenses arising under sections 503, 507(a)(1), 507(b), 330(a), 331 or 364 of the Bankruptcy Code.

Where there is an indenture trustee under an applicable indenture agreement, entities whose claims are limited exclusively to claims of principal and interest under the bonds of any of the Debtors need not file a proof of claim; provided that the applicable indenture trustee under the applicable indenture agreement shall be required to file a proof of claim. To the extent that an indenture trustee or a bondholder asserts a claim arising out of or related to a debt instrument, other than a claim for repayment of principal and interest under such bonds, such party shall be required to file a proof of claim on or before the Bar Date.

Where there exists one or more agents ("Agents") under a loan or credit agreement in respect of which any Debtor is a borrower, guarantor or otherwise contractually liable, entities holding claims in respect of principal, interest, fees, expenses and other amounts owing under or in respect of such loan or credit agreement (collectively, "Credit Agreement Claims") need not file a proof of claim with respect to such Credit Agreement Claims; provided, that such administrative Agent (or, if there is no administrative Agent, an Agent designated for such purpose) shall be required to file a proof of claim in respect of all such Credit Agreement Claims. To the extent that any holder of a Credit Agreement Claim asserts against a Debtor a claim other than a Credit Agreement Claim, such holder shall be required to file a proof of claim on or before the Bar Date in respect of such other claim. Any Agent may, with respect to the proof or proofs of claim filed by it in accordance with the foregoing, (i) omit the attachment of copies of any prepetition loan-related documents (but shall promptly provide the same to counsel to the Debtors if requested to do so by such counsel) and (ii) file a single proof of claim covering the claims being asserted against all of the Debtors that such Agent asserts are liable thereon (rather than a separate proof of claim against each such Debtor), provided that such single proof of claim clearly identifies each such Debtor.

4. **WHEN AND WHERE TO FILE**

Except as provided for herein, proofs of claim must be filed so as to be received on or before 5:00 p.m., prevailing Eastern Time, on August 16, 2006, at the following address (the "Northwest Claims Docketing Center"):

| IF SENT BY MAIL | IF SENT BY MESSENGER OR OVERNIGHT COURIER |
|---|---|
| United States Bankruptcy Court | Office of the Clerk of the |
| Southern District of New York | United States Bankruptcy Court |
| Attn: Northwest Airlines Claims Processing | Southern District of New York |
| Bowling Green Station, P.O. Box 5005 | Re: Northwest Airlines Claims Processing |
| New York, New York 10274-5005 | One Bowling Green, New York, New York 10004 |

Note that proofs of claim will be deemed timely filed only if actually received by the Northwest Claims Docketing Center on or before the Bar Date. Proofs of claim may not be delivered by facsimile or telecopy.

5. **WHAT TO FILE**

If you file a proof of claim, your filed proof of claim must (i) be written in the English language, (ii) be denominated in lawful currency of the United States as of the Petition Date, (iii) conform substantially with the proof of claim form tailored for these cases or Official Form No. 10; and (iv) be executed by the individual to whom service of any papers relating to such claim shall be directed.

The filed proof of claim must indicate the Debtor(s) against which you assert your claim. If you assert the same claim against more than one of the above-captioned debtors, you should file a separate proof of claim against each of the Debtors against which such claims are asserted. Additionally, if you assert different claims, based on different facts and circumstances, against different Debtors, you should also complete separate proofs of claim.

YOU SHOULD ATTACH TO YOUR COMPLETED PROOF OF CLAIM FORM COPIES OF ANY WRITINGS UPON WHICH SUCH CLAIM IS BASED.

EXCEPT WITH RESPECT TO CLAIMS OF THE TYPE SET FORTH IN SECTIONS 2 AND 3 ABOVE, ANY CREDITOR WHO FAILS TO FILE A PROOF OF CLAIM ON OR BEFORE AUGUST 16, 2006 FOR ANY CLAIM SUCH CREDITOR HOLDS OR WISHES TO ASSERT AGAINST THE DEBTORS WILL BE BARRED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS, AND SUCH HOLDER SHALL NOT BE PERMITTED TO VOTE ON ANY CHAPTER 11 PLAN OR PARTICIPATE IN ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM, OR TO RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

Any proof of claim previously properly filed with the Clerk of the Bankruptcy Court prior to the mailing of this notice shall be deemed to be and shall be treated as a properly filed claim subject to the right of the Debtors or any party in interest to object to the allowance thereof. No additional proof of claim is required.

A copy of the proof of claim form tailored for these cases can be obtained on-line from www.nwa-restructuring.com, Northwest's restructuring website.

6. **THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against the Debtors in the Debtors' Statements of Financial Affairs, Schedules of Assets and Liabilities and Schedules of Executory Contracts and Unexpired Leases (collectively, as may be amended, the "Debtors' Schedules"). If you wish to ascertain the treatment of your claim in the Debtors' Schedules, you may access them on-line at www.nwa-restructuring.com or contact the Debtors' claims agent, Bankruptcy Services LLC at (866) 715-0768.

Copies of the Debtors' Schedules and the Bar Date Order may also be examined at the Bankruptcy Court's website at https://ecf.nysb.uscourts.gov/ (for those with a valid PACER account) or at the Office of the Clerk of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York, Monday through Friday, from 9:00 a.m. to 4:30 p.m.

Bankruptcy Services LLC may be contacted at (866) 715-0768 for assistance if there are any questions concerning the filing or processing of a proof of claim.

A CLAIMANT SHOULD CONSULT AN ATTORNEY REGARDING ANY OTHER INQUIRIES, SUCH AS WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM.

7. **DEBTOR NAME, CASE NUMBER & TRADE NAMES**

Northwest Airlines Corporation ("NWA Corp.") - Case No. 05-17930; NWA Fuel Services Corporation ("NFS") - Case No. 05-17925; Northwest Airlines Holdings Corporation ("Holdings") - Case No. 05-17938; NWA Inc. ("NWA Inc.") - Case No. 05-17940; Northwest Aerospace Training Corp. ("NATCO") - Case No. 05-17944; Northwest Airlines, Inc. ("Northwest Airlines") - Case No. 05-17933; MLT Inc. ("MLT") - Case No. 05-17948; Compass Airlines, Inc. f/k/a Northwest Airlines Cargo, Inc. ("Compass" f/k/a "Cargo") - Case No. 05-17949; NWA Retail Sales Inc. ("NWA Retail") - Case No. 05-17950; Montana Enterprises, Inc. ("Montana") - Case No. 05-17952; NW Red Baron LLC ("Red Baron") - Case No. 05-17953; Aircraft Foreign Sales, Inc. ("Foreign Sales") - Case No. 05-17955; NWA WorldClub, Inc. ("WorldClub") - Case No. 05-17956; NWA Aircraft Finance, Inc. ("Aircraft Finance") - Case No. 05-19287.

All creditors and other parties in interest are referred to the text of the Bar Date Order itself and to the Bankruptcy Code, Bankruptcy Rules and Local Bankruptcy Rules for additional information regarding the filing and treatment of proofs of claim and should consult with their own legal advisors.

New York, New York June 27, 2006

CADWALADER, WICKERSHAM & TAFT LLP

Bruce R. Zirinsky (BZ 2990)
Gregory M. Petrick (GP 2175)
Nathan A. Haynes (NH 4955)
One World Financial Center
New York, New York 10281
Telephone: (212) 504-6000
Facsimile: (212) 504-6666

- and -

Mark C. Ellenberg (ME 6927)
1201 F Street N.W., Suite 1100
Washington, DC 20004
Telephone: (202) 862-2200
Facsimile: (202) 862-2400

ATTORNEYS FOR DEBTORS AND DEBTORS IN POSSESSION

# EXHIBIT H

# AFFIDAVITS

**IN THE MATTER**        NORTHWEST AIRLINES CORPORATION
**OF:**

**STATE OF NEW YORK:** ❩

                    **ss:** ❩

**COUNTY OF NEW YORK:** ❩

I, Tim Hart, being duly sworn, hereby certify that (a) I am the Vice President - Financial
Advertising of FT Publications, Inc., Publisher of the FINANCIAL TIMES, a daily newspaper
general circulation in the City and County of New York, and (b) that the Notice of which the
annexed is a copy was published in the said FINANCIAL TIMES in London, Frankfurt, Paris,
Sweden and Madrid on the

**28th day of June 2006**

_____
                    Tim Hart

**VICE-PRESIDENT OF ADVERTISING -FINANCIAL ADVERTISING:**

**SWORN TO BEFORE ME THIS:**

Hope Kaye

**NOTARY PUBLIC**

HOPE KAYE
Notary Public, State of New York
No. 31-4944197
Qualified in New York County
Commission Expires



# **<u>EXHIBIT I</u>**



## Herald INTERNATIONAL Tribune.
PUBLISHED BY THE NEW YORK TIMES

229 WEST 43RD STREET, NEW YORK, NY 10036, USA
PHONE: (212) 556-7707  FAX: (212) 556-7706

**DECLARATION OF PUBLICATION**

**NOTICE Northwest Airlines Corporation**

The undersigned says:

I am over the age of 18 years and a citizen of the United States.
I am not a party to and have no interest in this matter.  I am a principal
of the International Herald Tribune, a newspaper published in Paris,
France and circulated in major cities in Europe, North Africa, the Middle
East.  Far East  and the Americas.  The notice, a true copy of which is attached,
was published on the following date(s):

June 28, 2006

I declare under penalty that the forgoing is true and correct.

Executed in New York, N.Y. on June 28, 2006

_Judith King_

Judith King, Legal Notice Manager

Sworn before me on this **28th** day of **June** 2006 in the state of New York.

Notary Public

**DEBORAH BESHAW**
**Notary Public, State of New York**
**No. 01BE5076617**
**Qualified in Kings County**
**Certificate on file in New York County**
**Commission Expires April 21, 2007**

THE WORLD'S DAILY NEWSPAPER



# EXHIBIT J

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTHWEST AIRLINES | ) | Case No. 05-17390 (ALG) |
| | ) | *et al* |
| Debtors | ) | |

AFFIDAVIT OF PUBLICATION

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | ) |
| COUNTY OF NEW YORK | ) |

I, PAUL C. MESCHES, being duly sworn, depose and say that I am the
Marketing Director of Porte Advertising, Inc., and that I arranged for the
publication of the attached notice in *Ashai Shimbun* (Japanese Language) on June
29, 2006.

The foregoing statements are true and correct to the best of my knowledge,
information and belief.

_____
Paul C. Mesches

Sworn to me this

31st_ day of ~~July~~ August 2006.

_____
Notary Public

MARIAN DUBIN
Notary Public, State of New York
No. 01DU6076302
Qualified in Nassau County
Commission Expires June 24, 20 10

NORTHWEST AIRLINES CORPORATION,
NORTHWEST AIRLINES HOLDINGS CORPORATION
NWA INC.,
NORTHWEST AIRLINES, INC.,
NORTHWEST AEROSPACE TRAINING CORP.,
NORTHWEST AIRLINES CARGO, INC.,
NWA INC.,
COMPASS AIRLINES, INC.,
NWA RETAIL SALES INC.,
MONTANA ENTERPRISES, INC.,
NWA AIRCRAFT FINANCE, INC.,
MLT INC.,
NWA FUEL SERVICES CORPORATION,
NWA WORLDCLUB, INC.,

Office of the Clerk of the
United States Bankruptcy Court
Southern District of New York
Attn: Northwest Airlines Claims Processing
Re: Northwest Airlines Claims Processing
Bowling Green Station, P.O. Box 5005
New York, New York 10274-5005

Bruce R. Zirinsky (BZ 2990)
Gregory M. Petrick (GP 2175)
Nathan A. Haynes (NH 4955)
One World Financial Center
New York, NY 10281
Telephone: (212) 504-6000
Facsimile: (212) 504-6666

Mark C. Ellenberg (ME 6927)
1201 F Street N.W., Suite 11
Washington, DC 20004
Telephone: (202) 862-2200
Facsimile: (202) 862-2400

CADWALADER, WICKERSHAM & TAFT LLP

# EXHIBIT K

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:                                    )        Chapter 11
                                          )
NORTHWEST AIRLINES                        )        Case No. 05-17390 (ALG)
                                          )            *et al*
                        Debtors           )

                                          AFFIDAVIT OF PUBLICATION

STATE OF NEW YORK            )
                             )
COUNTY OF NEW YORK           )

I, PAUL C. MESCHES, being duly sworn, depose and say that I am the
Marketing Director of Porte Advertising, Inc., and that I arranged for the
publication of the attached notice in *Ashai Shimbun* (English Language) on July
3, 2006.

The foregoing statements are true and correct to the best of my knowledge,
information and belief.

                                          _____
                                          Paul C. Mesches

Sworn to me this

31ˢᵗ day of ~~July~~ August 2006.

_____
            Notary Public

MARIAH DUBIN
Notary Public, State of New York
No. 01DU6076302
Qualified in Nassau County
Commission Expires June 24, 20 10

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| NORTHWEST AIRLINES CORPORATION, | Case No. 05-17930 (ALG) |
| NWA FUEL SERVICES CORPORATION, | Case No. 05-17925 (ALG) |
| NORTHWEST AIRLINES HOLDINGS CORPORATION, | Case No. 05-17938 (ALG) |
| NWA INC., | Case No. 05-17940 (ALG) |
| NORTHWEST AEROSPACE TRAINING CORP., | Case No. 05-17944 (ALG) |
| NORTHWEST AIRLINES, INC., | Case No. 05-17933 (ALG) |
| NWA AIRCRAFT FINANCE, INC., | Case No. 05-17937 (ALG) |
| MLT INC., | Case No. 05-17942 (ALG) |
| COMPASS AIRLINES, INC. F/K/A NORTHWEST AIRLINES CARGO, INC., | Case No. 05-17949 (ALG) |
| NWA RETAIL SALES INC., | Case No. 05-17925 (ALG) |
| MONTANA ENTERPRISES, INC., | Case No. 05-17952 (ALG) |
| NW RED BARON LLC, | Case No. 05-17953 (ALG) |
| AIRCRAFT FOREIGN SALES, INC. AND | Case No. 05-17951 (ALG) |
| NWA WORLDCLUB, INC., | Case No. 05-17956 (ALG) |
| Debtors. | Jointly Administered |

NOTICE OF BAR DATE REQUIRING FILING OF PROOFS OF CLAIM ON OR
BEFORE AUGUST 16, 2006 AT 5:00 P.M. PREVAILING EASTERN TIME

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE ABOVE-CAPTIONED DEBTOR ENTITIES (which are listed in Paragraph 7 below):

PLEASE TAKE NOTICE THAT on May 19, 2006, the Court entered an order (as amended by order dated May 22, 2006, the "Bar Date Order") establishing August 16, 2006 at 5:00 p.m. prevailing Eastern Time (the "Bar Date"), as the last date and time for the filing of proofs of claim against Northwest Airlines Corporation ("NWA Corp"), NWA Fuel Services Corporation ("NFS"), Northwest Airlines Holdings Corporation ("Holdings"), NWA Inc. ("NWA Inc."), Northwest Aerospace Training Corp. ("NATCO"), Northwest Airlines, Inc. ("Northwest Airlines"), NWA Aircraft Finance, Inc. ("Aircraft Finance"), MLT Inc. ("MLT"), Compass Airlines, Inc. f/k/a Northwest Airlines Cargo, Inc. ("Compass" f/k/a "Cargo"), NWA Retail Sales Inc. ("NWA Retail"), Montana Enterprises, Inc. ("Montana"), NW Red Baron LLC ("Red Baron"), Aircraft Foreign Sales, Inc. ("Foreign Sales") and NWA WorldClub, Inc. ("WorldClub") (collectively, the "Debtors"). A list of the Debtors, including their current or former trade names, is set forth below. The Bar Date and the procedures set forth below for the filing of proofs of claim apply to all claims against the Debtors that arose on or prior to September 14, 2005.

1. **WHO MUST FILE A PROOF OF CLAIM**

You MUST file a proof of claim if you have a claim that arose on or prior to September 14, 2005 (the "Petition Date"), and it is not one of the types of claims set forth in Section 2 below. Acts or omissions of the Debtors that arose on or before the Petition Date may give rise to claims against the Debtors notwithstanding that such claims may not have matured or become fixed or liquidated prior to such date.

Under section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means: (a) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

2. **WHO SHOULD NOT FILE A PROOF OF CLAIM**

You should not file a proof of claim if:

a. You have already properly filed, with the Clerk of the United States Bankruptcy Court for the Southern District of New York, a proof of claim against the Debtors utilizing a claim form which substantially conforms to the proof of claim form tailored for these cases or Official Form No. 10;

b. Your claim is listed on the Debtors' Schedules (as defined below), is not described as "disputed," "contingent," or "unliquidated," and you do not dispute the amount, nature and priority of your claim as set forth in the Debtors' Schedules and you do not dispute that your claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;

c. You have a claim under sections 503, 507(a), 330(a), 331 or 364 of the Bankruptcy Code as an administrative expense of the Debtors' chapter 11 cases;

d. Your claim has already been paid by the Debtors;

e. You are a current director, officer or employee of the Debtors, to the extent that your claim against the Debtors is for indemnification, contribution, subrogation or reimbursement;

f. You are a Debtor in these cases and you have a claim against another Debtor;

g. You are a professional whose retention in these chapter 11 cases has been approved by the Court;

h. You hold a claim that has been allowed by an order of the Court entered on or before the Bar Date;

i. You hold any equity securities of the Debtors. However, any equity security holder asserting any rights as a creditor of any of the Debtors' estates, including a claim arising from rescission of a purchase or sale of a security of a Debtor or an affiliate of a Debtor or for damages arising from the purchase or sale of such a security, shall be required to file a proof of claim against the Debtors' estates on or before the Bar Date; or

j. You are a present or former employee of any of the Debtors whose employment is subject to the terms of a collective bargaining agreement (and, with respect to benefit claims, any spouse or beneficiary thereof) and labor unions representing such employees solely with respect to any claim based on the payment of wages, salaries, and benefits authorized to be paid by order of the Court under the first day wage and benefit order approved by the Court on September 15, 2005. You need not file a claim for such amounts, unless the Debtors have provided written notice to you and your union that they do not intend to pay such claim, in which case you shall have until the later of (i) the Bar Date or (ii) 30 days from the date of written notice, to file a Proof of Claim. Notwithstanding the foregoing, either employees (present or former) or their labor unions must file claims relating to grievances prior to the Bar Date to the extent the grounds for such grievances arose on or prior to September 14, 2005, provided however that labor unions may file a claim itemizing such grievances on behalf of their respective members.

YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS, OR IF THE CLAIM YOU HELD IS ON THE PETITION DATE HAS BEEN PAID.

3. **SPECIAL CLAIMS**

For claims arising from rejection of executory contracts or unexpired leases pursuant to section 365 of the Bankruptcy Code, the last day to file a proof of claim is the later of (i) the Bar Date or (ii) the first business day that is at least thirty (30) calendar days after the entry of the order authorizing rejection.

For claims arising from recovery by the Debtor(s) of estate property transferred to you by the Debtor(s) on or prior to the Petition Date as a voidable transfer, the last day to file a proof of claim is the later of (i) the Bar Date or (ii) the first business day that is at least thirty (30) calendar days after entry of an order or judgment avoiding a transfer.

For claims arising from the assessment of certain taxes as described in section 502(i) of the Bankruptcy Code, the last day to file a proof of claim is the later of (i) the Bar Date or (ii) the first business day that is at least thirty (30) calendar days after the date the relevant tax claim arises.

For claims asserted by a co-debtor, surety or guarantee that may be filed under section 501(b) of the Bankruptcy Code, the last day to file a proof of claim is September 15, 2006.

Pursuant to Bankruptcy Rule 3002(c)(1), the last date and time for filing proofs of claim by governmental units (as defined in section 101(27) of the Bankruptcy Code) is August 16, 2006 at 5:00 p.m. prevailing Eastern Time.

The Bar Date Order does not establish any deadline for the payment of administrative expenses arising under sections 503, 507(a)(1), 507(b), 330(a), 331 or 364 of the Bankruptcy Code.

Where there is an indenture trustee under an applicable indenture agreement, entities whose claims are linked exclusively to claims of principal and interest under the bonds of any of the Debtors need not file a proof of claim; provided that the applicable indenture trustee under the applicable indenture agreement shall be required to file a proof of claim. To the extent that an indenture trustee or a bondholder asserts a claim arising out of or related to a debt instrument, other than a claim for repayment of principal and interest under such bonds, such party shall be required to file a proof of claim on or before the Bar Date.

Where there exists one or more agents ("Agents") under a loan or credit agreement in respect of which any Debtor is a borrower, guarantor or otherwise contractually liable, entities holding claims in respect of principal, interest, fees, expenses and other amounts owing under or in respect of such loan or credit agreement (collectively, "Credit Agreement Claims") need not file a proof of claim with respect to such Credit Agreement Claims; provided, that such administrative Agent (or, if there is no administrative Agent, an Agent designated for such purpose) shall be required to file a proof of claim in respect of all such Credit Agreement Claims. To the extent that any holder of a Credit Agreement Claim asserts against a Debtor a claim other than a Credit Agreement Claim, such holder shall be required to file a proof of claim on or before the Bar Date in respect of such other claim. Any Agent may, with respect to the proof of proofs of claim filed by it in accordance with the foregoing, (i) omit the attachment of copies of any competition loans related documents (but shall promptly provide the same to counsel to the Debtors if requested to do so by such counsel) and (ii) file a single proof of claim covering the claims being asserted against all of the Debtors that such Agent asserts are liable thereon (rather than a separate proof of claim against each such Debtor); provided that such single proof of claim clearly identifies each such Debtor.

4. **WHEN AND WHERE TO FILE**

Except as provided for herein, proofs of claim must be filed so as to be received on or before 5:00 p.m., prevailing Eastern Time, on August 16, 2006, at the following address (the "Northwest Claims Docketing Center"):

**IF SENT BY MAIL**
United States Bankruptcy Court
Southern District of New York
Attn: Northwest Airlines Claims Processing
Bowling Green Station, P.O. Box 5005
New York, New York 10274-5005

**IF SENT BY MESSENGER OR OVERNIGHT COURIER**
Office of the Clerk of the
United States Bankruptcy Court
Southern District of New York
Attn: Northwest Airlines Claims Processing
One Bowling Green, New York, New York 10004

Note that proofs of claim will be deemed timely filed only if actually received by the Northwest Claims Docketing Center on or before the Bar Date. Proofs of claim may not be delivered by facsimile or telecopy.

5. **WHAT TO FILE**

If you file a proof of claim, your proof of claim must (i) be written in the English language, (ii) be denominated in lawful currency of the United States as of the Petition Date, (iii) conform substantially with the proof of claim form tailored for these cases or Official Form No. 10; and (iv) be executed by the individual to whom service of any papers relating to such claim shall be directed.

The filed proof of claim must indicate the Debtor(s) against which you assert your claim. If you assert the same claim against more than one of the above-captioned debtors, you should file a separate proof of claim against each of the Debtors against which such claims are asserted. Additionally, if you assert different claims, based on different facts and circumstances, against different Debtors, you should also complete separate proofs of claim.

YOU SHOULD ATTACH TO YOUR COMPLETED PROOF OF CLAIM FORM COPIES OF ANY WRITINGS UPON WHICH SUCH CLAIM IS BASED.

EXCEPT WITH RESPECT TO CLAIMS OF THE TYPE SET FORTH IN SECTIONS 2 AND 3 ABOVE, ANY CREDITOR WHO FAILS TO FILE A PROOF OF CLAIM ON OR BEFORE AUGUST 16, 2006 FOR ANY CLAIM SUCH CREDITOR HOLDS OR WISHES TO ASSERT AGAINST THE DEBTORS SHALL BE BARRED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS, AND SUCH HOLDER SHALL NOT BE PERMITTED TO VOTE ON ANY CHAPTER 11 PLAN OR PARTICIPATE IN ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM, OR TO RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

Any proof of claim previously properly filed with the Clerk of the Bankruptcy Court prior to the mailing of this notice shall be deemed to be and shall be treated as a properly filed claim subject to the right of the Debtors or any party in interest to object to the allowance thereof. No additional proof of claim is required.

A copy of the proof of claim form tailored for these cases can be obtained on-line from www.nwa-restructuring.com, Northwest's restructuring website.

6. **THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against the Debtors in the Debtors' Statements of Financial Affairs, Schedules of Assets and Liabilities and Schedules of Executory Contracts and Unexpired Leases (collectively, as may be amended, the "Debtors' Schedules"). If you wish to ascertain the treatment of your claim in the Debtors' Schedules, you may access them on-line at www.nwa-restructuring.com or contact the Debtors' claims agent, Bankruptcy Services LLC at (866) 715-0768.

Copies of the Debtors' Schedules and the Bar Date Order may also be examined at the Bankruptcy Court's website at https://ecf.nysb.uscourts.gov/ (for those with a valid PACER account) or at the Office of the Clerk of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York, Monday through Friday, from 9:00 a.m. to 4:30 p.m.

Bankruptcy Services LLC may be contacted at (866) 715-0768 for assistance if there are any questions concerning the filing or processing of a proof of claim.

A CLAIMANT SHOULD CONSULT AN ATTORNEY REGARDING ANY OTHER INQUIRIES, SUCH AS WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM.

7. **DEBTOR NAME, CASE NUMBER & TRADE NAMES**

The Debtors and their case numbers are: Northwest Airlines Corporation ("NWA Corp") - Case No. 05-17930; NWA Fuel Services Corporation ("NFS") - Case No. 05-17925; Northwest Airlines Holdings Corporation ("Holdings") - Case No. 05-17938; NWA Inc. ("NWA Inc.") - Case No. 05-17940; Northwest Aerospace Training Corp. ("NATCO") - Case No. 05-17944; Northwest Airlines, Inc. ("Northwest Airlines") - Case No. 05-17933; MLT Inc. ("MLT") - Case No. 05-17942; Compass Airlines, Inc. f/k/a Northwest Airlines Cargo, Inc. ("Compass" f/k/a "Cargo") - Case No. 05-17949; NWA Retail Sales Inc. ("NWA Retail") - Case No. 05-17925; Montana Enterprises, Inc. ("Montana") - Case No. 05-17952; NW Red Baron LLC ("Red Baron") - Case No. 05-17953; Aircraft Foreign Sales, Inc. ("Foreign Sales") - Case No. 05-17951; NWA WorldClub, Inc. ("WorldClub") - Case No. 05-17956; NWA Aircraft Finance, Inc. ("Aircraft Finance") - Case No. 05-17937.

All creditors and other parties in interest are referred to the text of the Bar Date Order itself and to the Bankruptcy Code, the Bankruptcy Rules and Local Bankruptcy Rules for additional information regarding the filing and treatment of proofs of claim and should consult with their own legal advisors.

New York, New York    June 27, 2006

CADWALADER, WICKERSHAM & TAFT LLP

Bruce R. Zirinsky (BZ 2990)                                                    Mark C. Ellenberg (ME 6927)
Gregory M. Petrick (GP 2175)                            — and —              1201 F Street N.W., Suite 1100
Nathan A. Haynes (NH 4955)                                                     Washington, DC 20004
One World Financial Center                                                     Telephone: (202) 862-2200
New York, New York 10281                                                       Facsimile: (202) 862-2400
Telephone: (212) 504-6000
Facsimile: (212) 504-6666

ATTORNEYS FOR DEBTORS AND DEBTORS IN POSSESSION