**United States District Court**
For the Northern District of California

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

BARBARA JOHNSON,

    Plaintiff,

  v

NORTHWEST AIRLINES, INC,

    Defendant.

No  C 07-04036 VRW

---

BARBARA JOHNSON,

    Plaintiff,

  v

NORTHWEST AIRLINES, INC,

    Defendant.

No  C 07-04044 VRW

---

BARBARA JOHNSON,

    Plaintiff,

  v

NORTHWEST AIRLINES, INC,

    Defendant.

No  C 07-04045 VRW

ORDER

/

Plaintiff Barbara Johnson filed two actions in state court, both of which make the same allegation: Northwest Airlines, Inc failed to provide Johnson with a wheelchair when she was changing planes on July 9, 2005, forcing Johnson to negotiate a substantial distance between flights, thereby causing her to fall.

Johnson filed one action in Alameda superior court and the other in San Francisco superior court. Doc #7 in 07-4036. Northwest removed the Alameda case and the San Francisco case to the San Francisco Division of this court on August 6, 2007 and August 7, 2007 respectively. Northwest also removed the Alameda case to the Oakland Division of this court on August 7, 2007. Id. All this resulted in the above three separate actions by the same plaintiff alleging the same wrong against the same defendant.

On August 20, 2007 this court found that the three removed cases were related, and all three were assigned to the undersigned chief judge. Doc #11 in 07-4036. For reasons that follow and putting aside any issue associated with the litigation mitosis going on here, the court finds that the actions were improperly removed and remands them.

An action may be removed to federal court if it could have been brought there originally. 28 USC § 1441. The Ninth Circuit has made clear, however, that section 1441 is to be construed strictly against removal jurisdiction. <u>Libhart v Santa Monica Dairy Co</u>, 592 F2d 1062, 1064 (9th Cir 1979).

In order to establish diversity jurisdiction, defendant must demonstrate that: (1) all plaintiffs are of different citizenship from all defendants and (2) the amount in controversy, exclusive of interest and costs, exceeds the current jurisdictional

2

minimum of $75,000.  See 28 USC § 1332(a); see also Singer v State Farm Mut Auto Ins Co, 116 F3d 373, 376 (9th Cir 1997).

With respect to the second element, "[t]he district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy.  If not, the court may consider facts in the removal petition, and may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" Singer 116 F3d at 377 (quoting Allen v R & H Oil & Gas Co, 63 F3d 1326 (5th Cir 1995)).  Removal, however, cannot be based simply upon conclusory allegations.  Gaus v Miles, Inc, 980 F2d 564, 567 (9th Cir 1992). "The removal notice must be based on reasonable inquiry into the jurisdictional facts asserted.  It is immaterial that the attorney signing the removal notice *subjectively* (in 'good faith') believed the facts alleged were correct if they had no *objectively reasonably basis* for such belief."  William W Schwarzer, A Wallace Tashima, James M Wagstaffe, Federal Civil Procedure Before Trial, § 2:1114 (Rutter Group, 2007) (emphasis in original) (citing Rockwell Int'l Credit Corp v United States Aircraft Ins Group 823 F2d 302, 304-05 (9th Cir 1987) (overruled on other grounds by Partington v Gedan, 923 F2d 686 (9th Cir 1991)).

Here, the complaint does not demand a dollar amount. Accordingly, the court looks to the facts alleged in the removal petition.  Defendant's notice of removal states: "Plaintiff has represented to Northwest that plaintiff suffered injuries to her hip, right wrist and back in the incident alleged in the complaint, and that the amount in controversy in this case is at least

3

$145,000." Doc #1 in 07-4036. This statement is insufficient to establish jurisdiction. A defendant cannot rely on a plaintiff's unsworn statement that damages exceed $75,000. See Gaus v Miles, Inc, 980 F2d 564 (9th Cir 1992); see also Navarro v Subaru of America Operations Corp, 802 F Supp 191, 194 (ND Il 1992) (defendant cannot rely solely on plaintiff's settlement demand); Garza v Bettcher Industries, Inc, 752 F Supp 753, 763 (ED Mich 1990) (holding that defendant's bald recitation that "the amount in controversy exceeds $50,000," without the defendant identifying any specific factual allegations or provisions in the complaint which might support that proposition, should provoke *sua sponte* remand). Here, defendant's notice neither overcomes the "strong presumption" against removal jurisdiction, nor satisfies defendant's burden of setting forth, in the removal notice itself, the underlying facts supporting its assertion that the amount in controversy exceeds $75,000.

Seeking removal, defendant had the burden of establishing the amount in controversy. As the burden has not been met, federal jurisdiction does not exist. Accordingly, the court will REMAND the cases to state court for further proceedings. See Albingia Versicherungs A G v Schenker Intern Inc, 344 F3d 931, 938 (9th Cir 2003), amended by 350 F3d 916 (9th Cir 2003) ("if it is discovered at any time in the litigation that there is no federal jurisdiction, a removed case must be remanded to the state court court rather than dismissed.") The clerk shall forthwith transmit

\\

\\

**4**

the files in 07-04036-VRW and 07-04044-VRW to the Alameda superior court and 07-04045-VRW to the San Francisco superior court.

      IT IS SO ORDERED.

                                          VAUGHN R WALKER

                                          United States District Chief Judge